THE TROY PORTABLE GRAIN MILL CO. v. BOWEN & CO.

Section 1704 of the Code, which provides that where by its terms, a contract is to be performed in any particular place, suit for a breach thereof may be brought in the county wherein such place is situate, is permissive, and not mandatory; and a plaintiff may, at his election, sue in the county where the place named is situate, or in that wherein some of the defendants actually reside.

The guarantee of the payment of a promissory note by a new party, after the making thereof, is *prima facie*, for the interest of the maker, and he is presumed to assent to it.

Where a party signs a note as guarantor, after the making thereof, at the request of the payee or holder, for the purpose of enabling the plaintiff to bring his action on the note, in a different county from that in which the maker resides, or in which the note is made payable, and not for the purpose of additionally securing the debt, the venue should be changed to the proper county, if demanded.

The question, whether the maker and guarantor of a promissory note, can be joined as defendants in the same action, cannot be legitimately raised on a motion for a change of venue.

Where in an action on a promissory note, against the maker and the guarantor, commenced in S. county, the maker moved for a change of venue, to a different county, for the reason that the latter county was his actual place of residence—that the note was made payable there—and because defendant believes the acceptance of service by the guarantor, was had for the mere purpose of obtaining jurisdiction in S. county, which motion was verified by the affidavit of one of the attorneys of the defendant, and was overruled by the court; *Held*, That the motion did not present the issue, whether guarantor signed the note, at the request of the payee, for the purpose only of enabling the plaintiff to bring his action in S. county; and the same was properly overruled.

*Appeal from the Scott District Court.*

MONDAY, APRIL 4.

This action is brought upon a promissory note, made by Bowen & Co., to the order of Nichols, Loomis & Co., and

assigned to plaintiffs.   The note purports to have been ex-
ecuted at Iowa City, and is payable at a banking house in
that city.   Upon the back of the note is the following :
" For value received, we hereby guarantee the payment of
the within note, and waive demand and protest. ANDREWS
& SHELLEY."   Bowen & Co., and the guarantors, An-
drews & Shelley, are the defendants.   The suit was com-
menced in Scott, and service made upon the makers in
Johnson county, the latter county being their place of res-
idence.   Andrews & Shelley acknowledged service in Da-
venport, in the county of Scott.   Bowen & Co., moved for
a change of venue to Johnson county, for the reason that
that was their actual place of residence—because the note
was made payable there—and because "defendants believe
that the acceptance of service by Andrews & Shelley, was
had for the mere purpose of obtaining jurisdiction in
Scott county.   This matter of fact set out in the motion,
was verified by one of the attorneys for defendants.   An-
drews & Shelly made no appearance.   The motion was
overruled, on the ground that service on the defendants,
Andrews & Shelly, who are residents of Scott county, was
sufficient to give the court jurisdiction as to the defendants
Bowen & Co.   To this ruling B. & Co. excepted, and ap-
peal.

*Cook, Dillon & Lindley*, for the appellants.

*Davison & True*, for the appellees.

WRIGHT, C. J.—If necessary at this time, to determine
the right of the plaintiffs to join the makers and guaran-
tors as defendants, in the same action, we should probably
fail to unite in opinion.   As the case does not call for it,
therefore, we pass the question, until its decision becomes
necessary.   We concur in the opinion that the objection
cannot be made, or legitimately raised, on a motion to
change the venue.   The proper practice is to demur for
misjoinder of parties.   This action was properly brought,

therefore, in Scott county, unless some one, or all of the other positions assumed by appellants, are correct.

And, first, it is urged that the note was made payable in Johnson county, and therefore the action should have been brought there. When by its terms, a contract is to be performed in any particular place, suit for a breach thereof, may be brought in the county wherein such place is situated. Code, section 1704. This language is permissive, and not mandatory. The plaintiff may, at his election, sue in the county where the place named is situated, or in that wherein some of the defendants actually reside.

It is next suggested, that if the district court of Scott county had jurisdiction, under the circumstances as claimed by appellants, then it would be in the power of the payee or holder, to obtain the signature of some person as an indorser, or guarantor, for the purpose of enabling him to bring his suit in a county other than that where the real party in interest as defendant, resided, and thus perpetrate a fraud upon his rights and interests. And here, perhaps, is the material and important point in the case.

The thought that inasmuch as the maker of the note made it payable in Johnson county, and actually resided there at the time, they cannot be made liable in another jurisdiction, by anything that might occur afterwards, by the making of new parties, whether as indorsers or guarantors, is without force, from the fact that this guarantee of the payment of the note, is, *prima facie*, at least, for their interest, and they are supposed to assent to it. The presumption, then, is that Andrews & Shelly are real parties to the note; and that they gave their names for the *bona fide* purpose of rendering additionally secure the payment of the money. If so, then the court below properly refused to change the venue.

If, on the contrary, they signed said guarantee at the request of the holder, or payee, for the purpose of enabling the plaintiffs to bring their action in Scott county, and not for the purpose of additionally securing the debt, then, in

our opinion, the venue should have been changed. The Code, in providing that actions should be brought in a county wherein some of the defendants actually reside, and that if brought in the wrong county, the venue should be changed, if demanded—that the costs of such change should be awarded against the plaintiff—and that the defendant might be awarded reasonable compensation for his trouble and expenses in attending at the wrong county— (Code, sections 1701–2), intended to accomplish a practical, useful, and honest purpose. When defendants are mentioned, those are meant who had an actual, real, and positive interest in the cause, and not those who consent to be made use of to defraud the real parties, and compel them to attend at the wrong county, at great expense and trouble. To permit this, would leave the law, in many instances, inoperative and meaningless. And did the record in this case, (as is assumed by appellants), present such an issue, we should be strongly inclined to hold, that it might be shown that Andrews & Shelly gave their names for the purpose of enabling the plaintiffs to bring their suit in Scott county, and thus confer jurisdiction upon the district court of that county ; and if shown to the extent above explained, that the venue should be changed.

Let us see, however, what the issue is in this respect, as presented by the motion. It is that as " defendants believe, the acceptance of service of A. & S., was had for the mere purpose of obtaining jurisdiction in Scott county." This means, that they accepted service of the original notice, as we suppose. Now, if they were real parties to the note, and residents of Scott county, (and the first is presumed, and the latter shown affirmatively by the bill of exceptions), then there could be no such thing as an acceptance of service for the purpose stated. Or, if they accepted with that intention, it would not change the result, for the jurisdiction attached anyhow. Not only so, but the averrment leaves it indefinite, whether this intention existed upon the part of A. & S. alone, or whether plaintiffs participated in it, and obtained the acceptance, in order to

properly maintain their action in Scott county. Of course, it would make no difference what A. & S. intended, so long as plaintiffs had nothing to do in obtaining the service for the purpose alleged.

Upon the showing made, therefore, we think, the motion was properly overruled. The other and more important question, (referred to above), does not strictly arise. Counsel have discussed it, however, and other cases are said to be pending, awaiting the determination of this. And, therefore it is, that we have deemed it proper to indicate generally, our views upon it.