### HARVEY v. IRVINE, et al.

1. LIABILITY ON A PROMISSORY NOTE. Action on a promissory note, joint and several in form, acknowledging value received "in behalf of" a school district, and signed by the defendents as President, Secretary and Treasurer, respectively. *Held,* that the makers were not individually liable thereon.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 6.

PLAINTIFF sues upon the following instrument, to the introduction of which, on the trial, defendants objected, and its admission as evidence constitutes the only error assigned:

$170,00. On or before the 1st day of January, 1858, we, or either of us, promise to pay Peter B. Mishler, the sum of one hundred and seventy dollars, for value received of him, in behalf the School District, No. 6, Saylor Township, Polk county, Iowa, with 10 per cent interest from date, this 6th day of November, 1857.

JAMES M. IRVINE, <i>Prest.</i>,<br>
L. B. BULLOCK, <i>Sec'y.</i>,<br>
CONRAD DEITZ, <i>Treas.</i>"

The note was assigned to plaintiff, and the only question in the case is, whether this is the undertaking of defendants, or the school district.

*Casady, Crocker & Polk* for the appellant.

I. It is a well settled rule of law that if the name of the principal and the relation of agency be stated in the writing, and the agent is authorized to make the contract or obligation, the principal alone is bound, unless the intention is clearly expressed to bind the agent personally. *Baker* v. *Chambles*, 4 G. Greene 428; *Harkins* v. *Edwards, et al*, 1 Iowa 426; 1 Am. L. C. 604, 605; Code of 1851, section 1108; *Rice* v. *Gore*, 22 Pick. 161; *Bradlee* v. *Boston Glass Company*, 16 Ib. 351.

*W. D. & W. H. McHenry* for the appellee, contended that the authorities cited by appellant's counsel are not applicable to the case at bar. They also cited 23 Pick. 120; 1 Blackf. 189; 8 Cow. 31; 3 Wend. 94; 2 Wheat. 56; *Trask* v. *Roberts, et al*, 1 B. Monr. 260; *McBean* v. *Morrison*, 1 A. K. Marsh. 545.

WRIGHT, J.—Aside from the adjudicated cases in this State, the writer of this opinion would have but little hesitation in holding that the defendants were personally liable

Schumaker et ux. v. Gelpeke.

upon this undertaking. By reference to the case of *Haskins* v. *Edwards & Turner*, 1 Iowa 426, it will be seen that the opposite doctrine (that they were not thus liable) was regarded by a majority of the court as being amply sustained by the authorities, while the minority felt bound to yield to the previous case of *Baker* v. *Chambers*, 4 G. Greene 428. As I yielded then to the one case, so, upon the same ground, I feel bound by the several decisions since made upon the same subject. *Winter, Administrator*, v. *Hite, et ux*, 3 Iowa 142, and *Lyon* v. *Adamson, et al*, 7 Ib. 509. Following these cases, it seems to me very clear that these defendants are not personally liable. And this being the opinion of the other members of the court, the judgment below is reversed.