ARMSTRONG *et al.* v. BORLAND *et al.*

1. **Venue:** NON-RESIDENT DEFENDANTS. A personal action may, under section 2800 of the Revision, be properly brought in a county wherein any one or more of the defendants reside.

2. —— PRACTICE. The objection that the action is brought within the wrong venue, for the reason that it is apparent on the face of the petition that the defendant residing therein is not legally liable on the contract which is the subject of the suit, cannot be raised on the motion for a change of venue.

3. **School contracts:** FORCE OF FORMER ADJUDICATION. Recovery sought against school directors in their individual capacity, on a contract and order purporting to be signed by defendants in their official capacity, and sufficient in form to bind the district. *Held,* that the single averment in the petition that it had been determined by the court in a former action by plaintiff against the district, but to which defendants were not parties, that they had signed the instruments in their individual capacity and not as a board of directors, did not aver a cause of action and was demurrable on that ground.

*Appeal from Buchanan Circuit Court.*

MONDAY, DECEMBER 18.

ACTION AT LAW. The petition alleges that the defendants, as directors of the district township of Pleasant Valley, in the county of Johnson, agreed in writing to purchase of D. L. Bugbee & Co., certain maps and globes, and to pay therefor by an order on the school treasurer of the district. The articles contracted for were delivered to

defendants, and Bugbee & Co. received the order on the treasurer as provided for in the contract. Bugbee & Co. assigned the contract and order to plaintiffs who brought an action upon the order against the district township, and was defeated therein, the court holding that the district township was not liable because the directors individually made the contract, and not in the capacity of a board of directors assembled for that purpose. Judgment is claimed against the directors individually. Bugbee & Co. are made defendants to the action as assignors of the instrument, and judgment is also claimed against them. The contract describes appellants as members of the board of directors of the school district, and they are so designated separately by words following the signature of each. The order is in the common form of such instruments, drawn on the treasurer of the district, and signed by the president and secretary. In the body of the instrument are words reciting that it is executed by order of the board of directors.

The appellants, by proper motion, asked that the venue of the cause be changed to Johnson county on the ground of their residence there, at the same time showing that the other defendants had not been served with process, and averring that the assignors of the instrument were made parties in the petition to give the court jurisdiction, and with no intention on the part of plaintiffs to take judgment against them. The motion was overruled. Thereupon defendants demurred to the petition. The demurrer was overruled, and the defendants, who are now appellants, refusing to answer the petition, judgment was rendered against them, and upon these rulings they bring the cause to this court.

*Cornell & Bros.* for the appellants.

*Lake & Harmon* for the appellees.

BECK, Ch. J.— I. Before the court passed upon the motion for a change of venue, the plaintiffs caused a notice to be filed with a sufficient return showing proper service upon Bugbee & Co. An affidavit was also filed showing that they were made defendants for the purpose of recovering judgment against them. Upon this showing the court properly overruled the motion for a change of venue. An action may be brought in a county where some of the defendants reside. Rev., § 2800. The residence of a part of the defendants, Bugbee & Co., being in Buchanan county, the action was properly brought there.

Appellants insist that it is apparent, upon the face of the petition, that recovery cannot be had against Bugbee &·Co., as assignors of the instrument set out in the petition ; that it is not claimed against them, and that their motion for this reason should have been sustained. But the questions as to the liability of the assignors, and a sufficiency of the petition as against them cannot be determined upon a motion for a change of venue. The objections should have been raised in a different manner. *Troy Portable Mill Co.* v. *Bowen*, 7 Iowa, 465 ; *Mayer* v. *Woodbury et al.*, 14 id. 57.

II. The other point presented in this case arises upon the demurrer to plaintiffs' petition. Recovery is claimed against appellants, not on the ground of any intention on their part to render themselves liable, nor for the reason that on account of the form of the instrument and the manner of its execution, the signers became personally liable thereon, but simply because in a suit against the school district it had been determined that plaintiffs could not recover. The petition avers that the court ruled as follows : " The contract having been made by the several directors in their individual capacity, and not as a board of directors duly assembled for that purpose, the district township was not liable for the payment of the debt."

There is no averment that defendants executed the contract and order without authority from the district, or that the directors were not assembled and acting in the capacity of the board of directors of the district where each of the instruments described in the petition was executed; the averment is simply to the effect that the last-mentioned fact was found by the court that tried the action, brought against the district, and as a conclusion of law it was held that the district was not liable for the debt. It is not shown that defendants were parties to that action, and, therefore, bound by the decision. The judgment of the court in that case, as to the fact found, does not conclude defendants, and the mere averment of the judgment does not show their liability. The agreement and order on which the suit is based and which are made exhibits in the petition do not show defendants' want of authority, or the fact found by the court upon which such want of authority is inferred, namely, that they were executed by defendants " in their individual capacity and not as a board of direct-ors duly assembled for that purpose." They are signed by defendants in their official capacity and are sufficient in form to bind the district if the directors possessed the power to make the contracts and were legally acting as such, and that they were not does not appear by the instruments and is not averred in the petition. *Harvey* v. *Irvine*, 11 Iowa, 82; *Bayless* v. *Pearson*, 15 id. 279; *Harkins* v. *Edwards & Turner*, 1 id. 426. The petition, therefore, fails to show a cause of action against defendants. We are not called upon to inquire whether defendants are liable if the contract in question was executed without authority, or " in their individual capacity and not as a board of directors duly assembled for that purpose." As we have seen, the record brings no such questions before us.

In our opinion the demurrer of defendants to plaintiffs' petition should have been sustained.

Reversed.