## McDANIELS v. WHEELER ET AL.

1. **Venue:** ORAL AGREEMENT TO PAY NOTE: ACTION IN WRONG COUNTY: CODE, § 2581. Section 2581 of the Code authorizes an action to be brought against non-residents of the county only in cases where liability arises upon some written instrument signed by the defendant in the action. And where a note was made payable in one county, but the makers, and another who had orally agreed to pay the note, were residents of another county, *held* that, in an action against all the parties for the amount of the note, the one who was only orally bound was entitled to have the cause transferred to the county of his residence.

### *Appeal from Cass Circuit Court.*

### FRIDAY, OCTOBER 24.

THE defendants, Martin Wheeler and Henry Wheeler, as partners, executed to the plaintiff two promissory notes, payable at J. McDaniels' bank in Cass county. This action was commenced in Cass county, and in one of the counts of the petition it was alleged that after the notes were executed said Martin Wheeler and Henry Wheeler sold and delivered to the defendant, Hiram Wheeler, a stock of goods, and, as part of the consideration therefor, Hiram Wheeler verbally agreed with them to pay to plaintiff the said promissory notes, and judgment was demanded against him for the amount of the notes.

Hiram Wheeler appeared and filed his motion and affidavit for a change of the place of trial, from which it appeared that all of the defendants were, and had for many years been, residents of Polk county. The motion was overruled, and defendant, Hiram Wheeler, appeals.

*Phillips & Day*, for appellant.

*Willard & Hopper*, for appellee.

ROTHROCK, CH. J.—It is provided in section 2581 of the Code that "when, by its terms, a written contract is to be

performed in any particular place, action for the breach thereof may be brought in the county wherein such place is situated;" and under section 2586 it is provided that, except when otherwise provided, personal actions may be brought in any county wherein some of the defendants actually reside. As the notes provided for payment at a place in Cass county, the action was properly brought against Martin and Henry Wheeler in that county. By the terms of their contract, they agreed to perform it in Cass county. The question is, did Hiram Wheeler so agree by the terms of his contract? His contract was not in writing. He made a verbal agreement with the makers that he would pay the notes. His liability is upon his verbal agreement, and this action is for a breach of his verbal contract, and not for the breach of a written contract. There can be no recovery against him by the mere production of the notes. Liability must be established against him by proving his parol contract, and the liability, if any, is upon that contract, and not upon the notes. It is true that, when the contract is established, the notes may be resorted to to ascertain the amount of his liability, but for no other purpose.

We think the statute authorizes an action to be brought against non-residents of the county only in cases where the liability arises upon some written instrument signed by the defendant in the action. The case of *Corbett v. Waterman*, 11 Iowa, 86, and other cases cited by appellee, which hold that a purchaser of mortgaged property may bind himself by an agreement to pay the mortgage debt, and that such agreement may be enforced by the mortgagee, do not determine the question now under discussion. This is purely a personal action, and the question as to the liability of Hiram Wheeler is not involved in this inquiry. In our opinion, the motion to change the place of trial should have been sustained.

REVERSED.