## WRIGHT & LAWTHER OIL AND LEAD MANUF'G CO. v. KLEI-GEL ET AL.

1. **Judgment by Default:** SETTING ASIDE. Where defendants were not sued in their own county, and the original notice was, to say the least, informal, and the defendants, on the same day on which judgment was entered against them by default, appeared and moved the court to set aside the default, accompanying their motion with an affidavit setting forth a good defense, *held* that the motion was properly sustained.

2. **Venue:** CONTRACT TO BE PERFORMED IN COUNTY. An action brought against persons not parties to a written contract, on the ground that they have become liable to perform the conditions thereof, cannot be brought in a county where the defendants do not reside, even though the contract was by its terms to be performed in such county.

*Appeal from Kossuth Circuit Court.*

WEDNESDAY, MARCH 2.

IT appears from the petition in this case that the plaintiff and one George Kleigel entered into a written contract by which the plaintiff delivered twenty bushels of flaxseed to said Kleigel to be sown on his farm. The crop raised from said seed was to be sold to plaintiff, and delivered at a railroad station, at a certain price less than the Chicago market, and the twenty bushels furnished for seed were to be accounted for in the contract at the sum of $32. George Kleigel died, and it is alleged that the defendants herein took possession of the twenty bushels of flaxseed "under said contract, with full knowledge of the terms of the contract," and sowed the seed and harvested the flax, and refused to deliver the crop to the plaintiff, and wrongfully retained possession of the same. Judgment is demanded for the possession of the crop raised, and for damages, or for the value of the crop. The defendants are residents of Palo Alto county, and on the second day of the term to which suit was brought a default was entered against them for want of an appearance to the action. On the same day defendants appeared, and moved to

set aside the default. The motion was sustained. Thereupon the defendants filed a motion to remove the suit to the county of their residence. The motion was sustained. From the ruling of the court in setting aside the default, and in changing the venue of the action, the plaintiff appeals

*George E. Clarke*, for appellants.

*Harrison & Jenswold*, for appellees.

ROTHROCK, J.—I.  One ground of the motion to set aside the default was founded upon the alleged insufficiency of the original notice served upon the defendants. The notice claimed "two hundred and fifty dollars, with interest,   *   *   *   on a certain flaxseed contract." The petition, as will be seen from the above statement of facts, is in the nature of an action of detinue. The question presented by the appeal is not whether such a notice would be sufficient to confer jurisdiction upon the court to render a judgment by default upon the cause of action set out in the petition, and we need not determine that question. The variance between the notice and the petition was presented to the court as a reason for setting aside the default. We think the ruling of the court was correct. The motion to set aside the default was promptly made. The defendants were not sued in the county of their residence. The original notice was, to say the least, informal, and the defendants by affidavit accompanying their motion set forth a good defense to the action. Considering all these circumstances, we think the court did not err in allowing a trial upon the merits of plaintiff's claim.

*1. JUDGMENT by default: setting aside.*

II.  Appellant contends that the order for the change of venue was erroneous because the contract was to be performed by delivering the crop of flaxseed to the plaintiff in Kossuth county, and that the action was therefore upon a written contract to be performed in that county, and that, under section 2581 of the

*2 VENUE: contract to be performed in county.*

Code, the action was properly brought in that county. The ready answer to this position is that these defendants were not parties to the written contract. They did not sign it, and it is not even alleged in the petition that they made any oral agreement with the plaintiff. If they made an oral agreement that they would carry out and perform the written contract, an action could not be maintained thereon in Kossuth county against their objection. *McDaniels v. Wheeler*, 64 Iowa, 678.

AFFIRMED.