ELIZABETH GILLILAND v. D. P. INABNIT, Appellant.

Equity Jurisdiction: ENFORCING TRUST CHARGED UPON LAND OUT OF THE STATE: *personal action.* The courts of Kentucky have power to compel persons within the jurisdiction to execute a trust charged upon Iowa lands by a Kentucky will, not probated in Iowa; and the jurisdiction is not arrested because the title to said land be the essential point on which the Kentucky suit depended.

*Appeal from Lucas District Court.*—HON. W. I. BABB,
Judge.

THURSDAY, OCTOBER 11, 1894.

PLAINTIFF brings this action to recover possession
of certain lands situated in Lucas county, Iowa. She
avers that she is the sole and absolute owner of said
lands, and shows as her chain of title an original entry
thereof by William McQuary, and a conveyance June
17, 1890, from William McQuary to her. Ellen Brown
and twenty-four others, all heirs of William McQuary,
appeared, were made parties, and filed their joint ans-
wer, to which plaintiff filed a demurrer. The demurrer
being sustained, and defendants refusing to further
plead, judgment was entered against them, from which
they appeal.—*Affirmed.*

*Mitchell & Penick* for appellants.

*Stuart & Bartholomew* for appellee.

GIVEN, J.—I. These defendants allege in their
answer that on November 18, 1891, William McQuary,
then and for many years previous a resident of the state
of Kentucky, died intestate, leaving as his only heirs said
defendants. They allege that said conveyance to the
plaintiff "is null and void, for the reason that the
grantor, Wm. McQuary, in said conveyance was forced
and compelled by duress and against his will and without
consideration to execute and deliver said conveyance."
The answer shows, that in an action in equity in the
circuit court of Kentucky in and for Lincoln county,
wherein Elizabeth Gilliland was plaintiff and William
McQuary was defendant, a decree was entered April 12,
1888, requiring said defendant to execute and deliver to
this plaintiff a special warranty deed for said land; that

William McQuary, refusing so to do, was committed for contempt, and, after several days' imprisonment, executed and delivered said deed as required by the decree, and was thereupon restored to his liberty. Defendants set out the pleadings in said action at length, and contend therefrom that said court, though having jurisdiction of the parties, had no jurisdiction of the subject-matter of the action, and therefore its decree and the deed made in obedience to it are null and void. They insist that the plaintiff's cause of action was based upon the will of John McQuary, which was executed and probated in Kentucky; that it was an action to establish and construe said will as to title to land in Iowa, without the same having been probated in this state; and that the courts of Iowa alone possessed such jurisdiction. The plaintiff, while conceding that, if such was the cause of action, the Kentucky court did not have jurisdiction, contends that the action was not *in rem* but *in personam;* that it was an action to enforce an alleged trust; and that the courts of Kentucky, having jurisdiction of the person, had also jurisdiction of the subject of the action,—the trust. ʳ Defendants do not question that, if it was merely an action to enforce the trust alleged, the Kentucky court had jurisdiction. The real contention, then, is whether that was an action to establish title to land in Iowa, under the will of John McQuary, or to enforce an alleged trust against William McQuary,—a question that must be determined from said pleadings. There is no real difference between the parties as to the law, and therefore it is unnecessary to refer to the authorities cited.

II. The pleadings in the former action are quite lengthy, but the following is a sufficient statement of them for a correct understanding of the question under consideration: This plaintiff, as plaintiff in said action, alleged that defendant therein, William McQuary, purchased two land warrants for one hundred and sixty

acres each, with money furnished by his father, John McQuary, and located them on land in Iowa, including the land in controversy, and took the title in his own name, in trust for his father, John McQuary. That thereafter, in 1852, said John McQuary died, testate, having previously, but after the location of said warrants, executed his will, wherein he nominated William McQuary one of the executors of his will, which will was duly probated in Kentucky, and that said William McQuary qualified as sole executor, and accepted the terms of said will as a legatee. Among other devises in the will is the following: "I give and bequeath my beloved wife, Maranda McQuary, the whole of my land that is in this state, all but the place where Josiah Brady lives, and the two quarter sections that are in Iowa, laid by my son Wm. McQuary, and is patented in his name. My wish and desire is that he shall make the deed to her, my wife, during her life, and then, after her death, to my son Milton Green McQuary, with all its appurtenances, for him to hold forever." That the devisees in said will were Maranda McQuary, wife of William McQuary, Milton Green McQuary, Sarah J. Gilmore, and the plaintiff, who were all the children of said testator; that Milton G. McQuary died intestate, leaving his mother, Maranda, his brother, William, and his sisters, Sarah J. Gilmore and plaintiff, as his only heirs; and that Maranda McQuary died intestate, leaving plaintiff and William, her children, and Milton G. Gilmore, Martha E. Gilmore, and Elizabeth S. Shuck, her grandchildren and children of said Sarah J. Gilmore, deceased, as her only heirs; that William McQuary failed and refused to convey said two quarter sections to Maranda and Milton Green McQuary, or either of them, but did convey to said children of Sarah J. Gilmore a portion of the same, to which they were entitled, but refuses to convey to plaintiff the interest that descended to her from Maranda and Milton G.

McQuary. Plaintiff prayed that defendant be compelled to convey one third of said two sections of land to plaintiff, and that she have judgment for rents and profits. The defendant William answered, setting up the statute of limitations, and alleging that said will had never been probated in Iowa, and is, therefore, without force as a muniment of title to land in Iowa. He denies that the "desire" expressed in said will is a valid devise of said land; denies that by becoming executor he was put to an election to take under the will or at law. He denies that John McQuary had furnished him funds to purchase said warrants; denies that the patents were issued to him in trust, or that he took or held the title in trust; and denies that plaintiffs were entitled to any share in said land. He alleges that the land conveyed to the children of Sarah J. Gilmore was conveyed for a valuable consideration; that he had conveyed twenty acres to one Shamburg, and that the remaining one hundred and twenty acres he had owned, held, and enjoyed adversely for more than ten years.

III. An appeal was taken in said cause to the court of appeals, and the decree affirmed. 89 Ky. 434, 12 S. W. Rep. 1037. It will be seen by that opinion that the court of appeals found that the defendant William McQuary received and held the title to said Iowa lands in trust, as alleged; and that, being a devisee under the will, and having accepted its provisions, he is concluded by the devise made of the Iowa lands. Upon the question of jurisdiction the appellate court quotes from *Massie v. Watts*, 6 Cranch, 148, as follows: "Either in consequence of contract, or as trustee, or as the holder of a legal title acquired by any species of *mala fides* practiced on the plaintiff, the principles of equity give the court jurisdiction wherever the person may be; and the circumstance that a question of title may be involved in the inquiry, and may even consti-

tute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction.' The court is of the opinion that in case of fraud or trust or of contract the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.'' Following this, the court of appeals says: '''In such case the subject-matter is not that of the recovery of land; in other words, it is not an action *in rem*. The court need not have the land before it in order to be able to render a judgment. But the action is *in personam*, for the purpose of enforcing a personal obligation of contract or of trust. It is true that the title to land is to be affected by the decree, in so far as it compels the party to convey, but, as said, by reason of his trust or contract duty he is personally obliged to convey, and that duty may be discharged in one state as well as another, although the land may not be situated in such state. It is the breach of trust or contract to convey that may be complied with, without regard to the location of the land, that gives the right of action *in personam*.' If Milton Green McQuary were alive, he, for the foregoing reasons, could maintain this action in this state; and, he being dead, the appellees can maintain it.'' The law as announced in *Massie v. Watts* is not questionable, and we think said former action was clearly within the rule of that case. The right of the plaintiff in that action rested upon whether defendant held the title to the land in trust, as alleged. The trust being established, her relations under the will and otherwise were mere matters of evidence showing her interest in the trust property. We think there was no error in sustaining plaintiff's demurrer, and the judgment of the district court is, therefore, AFFIRMED.