EDWARD B. MERRILL & another, executors, vs. LEONARD F. BECKWITH.

Suffolk.    March 6, 7, 1895. — May 24, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Equity — Specific Performance — Statute. — Jurisdiction.*

The provisions of the Pub. Sts. c. 141, § 22, as to selling and conveying in certain cases property held in trust by minors, lunatics, etc., are not applicable to a person who has agreed to purchase land in this Commonwealth, and this court has no power under the statute to compel him to accept a conveyance where it cannot bind him personally by its decree.

LATHROP, J.    This is a bill in equity for the specific performance of an alleged contract for the purchase of a parcel of land in this Commonwealth.    The defendant, in 1889, leased of the plaintiffs the island Nashawena in Buzzard's Bay, by an indenture containing a covenant that, if during the term the defendant should be minded to purchase the premises for sixty-five thousand dollars, payable fifteen thousand dollars in cash and the rest by his bond secured by mortgage as therein specified, and should pay or tender the fifteen thousand dollars to the plaintiffs with intent to purchase, then the plaintiffs, in consideration of that sum with the bond and mortgage so tendered, would convey the premises.    This lease was renewed, together with the option of purchase, on May 1, 1892, for two years.

On September 10, 1893, the defendant wrote to one of the plaintiffs a letter containing the following: "I have concluded to avail myself of my option to purchase the island Nashawena, and as soon as my lawyers have examined titles and make abstracts I shall be ready to carry it out."

The defendant is a citizen and resident of New York, and there has been no sufficient service upon him in this Commonwealth.    Service has been made by publication, and by delivery of a copy to the committee of the property of the defendant in New York, where he had been adjudged to be a lunatic.

It is obvious that no personal decree can be rendered against the defendant.    In *Spurr v. Scoville,* 3 Cush. 578, it was held

that a person who had agreed to purchase land in this Commonwealth could not maintain a bill in equity against the person who had agreed to sell it for specific performance, where the defendant resided out of the Commonwealth and had not been served with process here. This was put on the ground that, the suit being *in personam*, there was no party defendant before the court, and the court was unable to proceed to any decree.

The plaintiffs, however, contend that the case at bar falls within the purview of the Pub. Sts. c. 141, § 22. This statute was first passed in 1845, and was re-enacted in the General Statutes. St. 1845, c. 64. Gen. Sts. c. 100, § 15. It was in force when *Spurr* v. *Scoville*, above cited, was decided, but was not referred to by the court. The language of the statute as it now stands is as follows: " When a person seised or possessed of real or personal estate, or of an interest therein, upon a trust, express or implied, is under the age of twenty-one years, insane, out of the Commonwealth, or not amenable to the process of any court therein which has equity powers, and when in the opinion of the Supreme Judicial Court or of a probate court it is fit that a sale should be made of such estate or of an interest therein, or that a conveyance or transfer should be made thereof in order to carry into effect the objects of the trust, the court may by decree direct such sale, conveyance, or transfer to be made, and may appoint some suitable person in the place of such trustee to sell, convey, or transfer the same in such manner as it may require. If a person so seised or possessed of an estate, or entitled thereto upon a trust, is within the jurisdiction of the court, he or his guardian may be ordered to make such conveyances as the court may deem proper."

The case of *Felch* v. *Hooper*, 119 Mass. 52, was similar to that of *Spurr* v. *Scoville*, with these additional facts. The plaintiff had paid or tendered the consideration, and had by the defendant's permission entered upon the land and made improvements thereon. Under these circumstances it was held that he had an equitable title to the land which he could enforce by a conveyance made by a trustee appointed by the court, under the Gen. Sts. c. 100, § 15.

In *Desper* v. *Continental Water Meter Co.* 137 Mass. 252, it was held that this court had no jurisdiction of a bill in equity

by a citizen of this Commonwealth against a foreign corporation having a usual place of business here for specific performance of an agreement to assign and convey letters patent of the United States, and personal chattels situated here, where there was no valid service upon the corporation ; and it was said by Mr. Justice Field, in delivering the opinion of the court, "We are of opinion that this case is not within the purview of the Pub. Sts. c. 141, § 22."

The distinction between these cases seems to be that where the relation between the parties is simply that of contract, namely, where one agrees to sell and the other to buy, there is correctly speaking no trust created, but merely " a contract of sale and purchase of which a court of equity will under certain circumstances decree a specific performance." But where the person agreeing to purchase has been allowed by the owner to enter upon the land and make improvements, there is a trust created in his favor. See *Rayner* v. *Preston*, 18 Ch. D. 1, 6, 10, 11, 13 ; *In re Cuming*, L. R. 5 Ch. 72 ; *In re Colling*, 32 Ch. D. 333, 336.

However this may be, we are of opinion that the statute is not applicable to a person who has agreed to purchase; and that the court has no power under it to compel him to accept a conveyance, where the court cannot bind him personally by its decree.                                        *Bill dismissed.*

*T. M. Stetson & E. D. Stetson,* for the plaintiffs.

*J. L. Thorndike,* (*R. E. Forbes* with him,) for the defendant.