L. M. WILKINSON, Appellant, v. W. McCARTHY, Appellee.

**Personal action:** VENUE: STATUTES: CONSTRUCTION. Code, section
3498, providing for actions against persons engaged in the con-
struction of railway, does not authorize a suit against a sub-
contractor on an oral contract for grain purchased to feed his
team, in a county other than that of his residence.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH,
Judge.

WEDNESDAY, APRIL 12, 1905.

ACTION at law to recover the purchase price of a quan-
tity of oats and corn alleged to have been sold to the de-
fendant. From a judgment for the defendant notwithstand-
ing the verdict of the jury, the plaintiff appeals.—*Affirmed.*

*M. R. McCrary,* for appellant.

*Hutchinson & Jacobs,* for appellee.

PER CURIAM.—The defendant, claiming to be a resi-
dent of Woodbury county, filed a motion for a change of the
place of trial under the provision of Code, section 3504.
This motion was denied, and the cause tried to a jury, and
verdict returned for the plaintiff. It was shown without
controversy that the alleged contract of sale was not in writ-
ing, and that the defendant, McCarthy, was a resident of
Woodbury county, Iowa, and not a resident of Calhoun
county, where the suit was brought. After the return of the
verdict the defendant renewed his objection to the jurisdic-
tion of the court, and moved for a judgment of dismissal not-
withstanding verdict. The motion was sustained, and cause
dismissed.

Upon the face of this statement the judgment was evidently right, as the law of this State requires personal actions to be brought in the county where the defendants, or some of the defendants, if more than one, actually reside. Code, section 3501. The appellant concedes this general rule, but contends that the case before us falls within the exception provided for in Code, section 3498, which reads as follows: "An action may be brought against any corporation, company or person engaged in the construction of a railway, canal, telegraph or telephone line, or any contract relating thereto or any part thereof, or for damages in any manner growing out of the work thereon, in any county where such contract was made or performed in whole or in part, or where the work was done out of which the damage claimed arose." The evidence relied upon to bring plaintiff's claim within the terms of this section tends to show that the defendant was a subcontractor engaged in the grading or construction of a railroad in Calhoun county; that he sent one Birdsall, who was an employé or subcontractor under him, to open up the work of grading in plaintiff's neighborhood, with an agreement or understanding that said defendant would pay or provide for the grain to be fed to Birdsall's teams; and that Birdsall purchased the grain in question from plaintiff, and caused the price thereof to be charged to defendant. Now, for the purposes of this appeal it may be conceded that the defendant was liable to the plaintiff for the grain furnished to Birdsall, and that, so far as this feature of the controversy is concerned, plaintiff was entitled to the benefit of the verdict in his favor: but this fact does not cure the want of jurisdiction in Calhoun county. An attentive reading of section 3498 will make it very clear that the plaintiff's claim does not come within its terms. To call for an application of this provision, the suit must be based upon a contract "relating to the construction" of the railroad, or upon a claim "for damages growing out of the work thereon," and the claim in suit does not fall within either description. A

contract for the purchase of grain for the horses of a sub-contractor or an employé has no more connection with the "construction of the railroad" than would a similar agreement for the purchase of harness for such horses, or of food or clothing for their driver. Indeed, if such indirect or remote relation to the construction of the road could, by any latitude of interpretation, be held within the intent of the statute, then there is nothing in the record to show, except by inference, that the grain sold by the plaintiff was in fact furnished for or fed to horses used in the grading or building of the road.

The conclusion above stated disposes of the case, and we need not consider other questions argued.

The judgment of the district court is *affirmed*.