### GOTTER v. McCULLEY et al.

(District Court, E. D. Washington, N. D.    March 19, 1923.)

No. 4141.    .

1. **Courts ⚖︎273—Jurisdiction of federal court; suit must be in district of residence of plaintiff or of all of defendants.**

A suit in personam in a federal court, in which jurisdiction depends on diversity of citizenship, must be brought in the district of plaintiff's residence, or that in which all the defendants reside.

2. **Courts ⚖︎269—Suit for specific performance may be brought in district of defendant's residence.**

A suit for specific performance is in personam, and may be brought wherever jurisdiction of defendant can be obtained, regardless of the location of the property which is the subject-matter of the contract.

In Equity. Suit by Ben Gotter against J. L. McCulley and others. On motion by nonresident defendants to quash service. Granted.

Plaintiff, a resident and citizen of the state of Oregon, sues the defendants McCulley and wife, citizens and residents of the state of Washington, and Eaves and Eaves, citizens and residents of the state of Idaho, to compel specific performance of contract to sell lands within this district, and in the event specific performance may not be decreed a personal judgment. Substituted service was had upon the defendants Eaves in Idaho, all of whom appear specially, for the sole purpose of challenging the jurisdiction of the court, and move that the service be quashed.

Rigg & Venables and A. W. Hawkins, all of Yakima, Wash., for plaintiff.

Tannahill & Leeper, of Lewiston, Idaho, for defendants.

NETERER, District Judge. No civil suit shall be brought in any district against any person by original process other than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. Section 51, Judicial Code (Comp. St. § 1033). In suits of a local nature, where the defendant resides in a different district in the same state from that in which the suit is brought, the plaintiff may have original and final process against him, directed to the marshal of the district in which he resides. Section 54, Judicial Code (Comp. St. § 1036). In a suit to enforce any legal or equitable lien upon, or remove a cloud upon, the title of property within the district where the suit is brought, and some of the defendants are not inhabitants or found within the district and do not voluntarily appear, the court may make an order directing such absent defendants to appear at a stated time, and in case of default the court may proceed to the hearing and adjudication; but the adjudication is limited with relation to the absent defendants to the property in suit. Section 57, Judicial Code (Comp. St. § 1039).

[1] The rule is well stated by Simkins, at page 94, that, in personam

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

suits between citizens of different states suit must be brought against the defendant in his own state, and in the judicial district of which he is an inhabitant, or the plaintiff may sue in the state of his residence and district, if service can be had upon the defendant in that district. Shaw v. Quincy, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. A party of one state may sue a defendant or defendants, where all of the defendants reside in the same district, or, where parties suing all reside in the same district, may join several defendants, citizens of a different state; but each plaintiff must be competent to sue, and each defendant liable to be sued, in the court in which the action is brought. Consolidated Rubber Tire Co. v. Ferguson, 183 Fed. 758, 106 C. C. A. 330. The limitation to jurisdiction to the district of the residence of either of the plaintiff or the defendant (section 51, supra), must be construed, if there are several defendants, to be limited to the district of the plaintiff's residence, or that in which all of the defendants reside, notwithstanding the provisions of section 50, Judicial Code (Comp. St. § 1032), which provides that, where some of several defendants cannot be served, the court may proceed to an adjudication of an issue between the parties properly served. That there is no exception, except as provided by section 52, Judicial Code (Comp. St. § 1034), which relates to suits in states containing more than one district, has been held in Camp v. Gress, 250 U. S. 308, 39 Sup. Ct. 478, 63 L. Ed. 997.

[2] The object of the complaint is to compel the defendants to execute a conveyance or specifically perform a contract for the sale of land. This is a proceeding in personam. The only question raised by the special appearance is whether the court can proceed in this suit against the defendants Eaves, not inhabitants of nor within the state of Washington. That a suit for specific performance of contract is a personam proceeding has been from early days confirmed. Spurr et al. v. Scoville, 3 Cush. (Mass.) 578, reaffirmed in Davis v. Parker, 14 Allen (Mass.) 94; Merrill v. Beckwith, 163 Mass. 503, 40 N. E. 855. This doctrine has obtained in the state of Washington from territorial days. Woods v. Mastick, 2 Wash. T. 64, 3 Pac. 612; Morgan v. Bell, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; State ex rel. Scougale v. Superior Court, 55 Wash. 328, 104 Pac. 607, 133 Am. St. Rep. 1030. The contract declared upon does not disclose any trust relation as to entitle enforcement of a trust, and bring the issue within the provisions of sections of the statute, supra. Merrill v. Beckwith, supra. The real estate in a suit for specific performance of contract is not affected. The court having jurisdiction of the parties is invested with power to proceed to final decree and direct by coercion the necessary relief. Johnson v. Gibson, 116 Ill. 294, 6 N. E. 205; Massie v. Watts, 6 Cranch, 159, 3 L. Ed. 181; Gilliland v. Inabnit, 92 Iowa, 46, 60 N. W. 211; Brown v. Desmond, 100 Mass. 269. In Massie v. Watts, Chief Justice Marshall said:

"In a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable whenever the person be found, although lands not within the jurisdiction of that court may be affected by the decree."

In McGee v. Sweeney, 84 Cal. 100, 23 Pac. 1117, in an action to declare a deed to certain land in Pennsylvania void and decree a re-

conveyance, the jurisdiction of the court being challenged, the court said:

"'It is well settled, however, that a court of equity has power to compel a reconveyance of property outside of its jurisdiction, by reason of its control over the parties before it.'"

Chief Justice Fuller, in Carpenter v. Strange, 141 U. S. 87, 11 Sup. Ct. 960, 35 L. Ed. 640, said, in relation to a decree of the New York court affecting real estate situated in Tennessee and governed by the law of its situs, that a court of equity may in a proper case compel action with relation to the property, the court having jurisdiction of the parties, and that while the decree does not act directly upon the property, nor affect the title, it is made effectual through coercion by directing a deed or cancellation by or on behalf of the parties, and this is merely a reiteration of the sentiment of the thought in Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473, restating the former holding of the Supreme Court.

This being an action to compel specific performance of a contract to convey land, disassociated from any element of trust, is an action in personam, and, the court not having jurisdiction of the defendants Eaves, residents of Idaho, the motion is sustained.