M. W. BALDWIN, Petitioner, v. ROBERT H. MUNGER, Judge,
Respondent.

**VENUE:   Assumptor of Mortgage-Secured Note—Place of Payment.**
An agreement by a resident grantee in a deed to real estate "to
assume and pay" a mortgage-secured note on the land, does not
embrace an agreement to pay the note in an action *at law* in the
county in which the note is payable by its terms, said county not
being the county of the assumptor's residence.   (Sec. 11040, Code
of 1924.)

**Headnote 1:** 40 Cyc. p. 96.

*Certiorari to Woodbury District Court.*—ROBERT H. MUNGER,
Judge.

JUNE 25, 1925.

CERTIORARI to test the correctness of the ruling of the trial
court in sustaining a motion for change of venue. The opinion
states the primary facts.   Writ annulled, and order and judg-
ment entered is—*Affirmed.*

*Tomlinson & Tomlinson,* for petitioner.

*Ira C. Paschal, Shull, Stilwill, Shull & Wadden,* and *S. G.
Van Auken,* for respondent.

DE GRAFF, J.—The petitioner by certiorari challenges the
ruling of the respondent district court in granting, on motion of
certain defendants in the original cause of action, a change of
venue as to them, to the county of their actual residence.

Question stated in hypothetical form:  May the makers of
a written contract to assume and pay a mortgage on land pur-
chased by them be, over their objections, joined and tried as
defendants with the makers of the note secured by said mort-
gage in an action at law predicated on said assumption contract
and note, the action being commenced in the county designated
in said note, but said county not being the residence of said

objecting defendants, who did not expressly agree to pay the mortgage at the place specified in the note? The answer must be found in the statute, as venue is a matter of legislative direction.

We are dealing with a personal action,—not an action *in rem*. It is to be observed that this cause does not involve the foreclosure of a mortgage on real property, the venue of which would be the county in which the real estate is situated. Section 12374, Code of 1924. Nor is the question at issue concerned with the accepted doctrine that a person who assumes and agrees to pay a mortgage indebtedness is personally liable in an action at law. *Beeson v. Green,* 103 Iowa 406; *Dimmitt v. Johnson,* 199 Iowa 966.

We are confronted with a question of venue, and not with the quantum of liability of any defendant, whether on the note or on the assumption contract. It is material to inquire, in what manner does the liability of the movent-defendants arise? Upon what contract may one who assumes and agrees to pay a mortgage debt be sued in a personal action?

At this point it may be well to recite briefly the pleaded facts. The petitioner was the plaintiff in the original action at law entitled "M. W. Baldwin v. Alonzo J. Archer, Jessie Archer, R. E. Carson, Hal Ploghoft and George L. Selby." This cause was commenced in the district court of Iowa in and for Woodbury County. Who are the parties, and what was the purpose of the action? The defendants Archer and wife bought a parcel of Nebraska land from the plaintiff, Baldwin, and as part payment of the purchase price, executed and delivered to the plaintiff a mortgage on said land, securing a negotiable promissory note in the sum of $1,500, with interest, dated August 27, 1919, payable June 1, 1924, "at Sioux City, Iowa." Subsequently, the land was sold and conveyed by Archer to one Holtmyer, who did not personally assume to pay the mortgage. Later, Holtmyer sold and conveyed the land to the defendants Carson and Ploghoft, who in the deed of conveyance assumed and agreed to pay the mortgage "at maturity as part of the above consideration." Thereafter, Carson and Ploghoft sold and conveyed to the defendant Selby, who assumed and agreed to pay the mortgage, by words of similar covenant. By reason

of a failure on the part of the obligors to pay the interest for a certain year, plaintiff, by virtue of a stipulation in said mortgage, elected to declare the entire amount of the promissory note due and collectible. An action at law was commenced, to recover judgment against all of the defendants, to wit: against the Archers, as makers of the note, and against the other defendants on their assumption contracts respectively to pay said mortgage. Upon service of the original notice, and prior to answer, the defendants Carson and Ploghoft filed separate motions, supported by affidavits, for change of place of trial from Woodbury to Montgomery County, Iowa, alleging that the latter county was their place of actual residence, and further alleging that the cause of action against them is not on account of any written contract payable or to be performed in Woodbury County, nor was it a joint action on the promissory note in suit. These motions were sustained by the trial court, and the cause, as to these movents, was transferred for trial to the district court of Montgomery County, with taxation of costs of transfer, including copy fees and attorney's fees in the sum of $50 to each of said defendants. This ruling and the judgment entered thereon is the provocation for the writ of certiorari issued by this court. Shall the ruling of the trial court be sustained?

We now turn to the statutes of Iowa for answer. A personal action, unless otherwise provided, must be brought in a county in which some of the defendants actually reside; but, if neither of them has a residence in the state, they may be sued in any county in which either of them is found. Section 11049, Code of 1924. No one of the defendants has a residence in Woodbury County, Iowa. Consequently, unless some other provision of the statute is applicable, none of the defendants is suable in Woodbury County in this action. Another provision of the statute reads as follows:

"When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated." Section 11040, Code of 1924.

This is a permissive statute, and makes it optional with the plaintiff to sue the promisor in the county of his residence in this state, or in the county wherein the place designated by the

terms of the written contract is situated. *Troy Portable G. M. Co. v. Bowen & Co.*, 7 Iowa 465.

Plaintiff elected to sue the makers of the note in the district court of Woodbury County; and as to them, they are in a court whose venue is not subject to attack. What is the position of the movent .defendants? The statute further provides:

"In all actions upon negotiable paper, except when made payable at a particular place, in which any maker thereof, being a resident of the state, is defendant, the place of trial shall be limited to a county wherein some one of such makers resides." Section 11050, Code of 1924.

The note in suit is a negotiable instrument, but the movent . defendants are not makers thereof. They are not suable on the note, and consequently this statute is not applicable. Plaintiff predicates their liability on a contract of assumption to pay the mortgage indebtedness, as evidenced by the note in suit; and in truth they are liable, if at all, by reason of their separate and independent contract with their respective grantors. The assumption contract does not specify a place of payment, and they are not bound in this particular, unless the stipulation in the note as to place of payment is included within their assumption obligation. The liability of a purchaser of land who assumes and agrees to pay the mortgage debt is based upon the covenant of assumption, and not upon the note. The written promise of the movents is the foundation of plaintiff's claim against them. *Ross v. Kennison*, 38 Iowa 396. They did not sign the note, and as to them the note would be admissible in evidence only for the purpose of determining the quantum of indebtedness which they had assumed and agreed to pay. The movents are liable under the terms and stipulations of their written contract, and none other. *Wright & Lawther Oil & Lead Mfg. Co. v. Kleigel*, 70 Iowa 578; *McDaniels v. Wheeler*, 64 Iowa 678. In *Gray v. Bricker*, 182 Iowa 816, it is said:

"But this obligation arises from the contract implied from the acceptance of the deed, and not owing to the terms of the promissory note; and, though such contract may affect the security of the note, it has no bearing on its negotiability. It amounts to no more than a contract with one person to pay the debt of another to a third person."

A contract to assume and pay a mortgage debt is limited by its own terms, and the mortgage indebtedness must be referable to the amount due and collectible under the terms of the mortgage and note. A mortgage imports a pecuniary obligation, and the assumption of a mortgage debt is clearly pecuniary. If a note secured by the mortgage gives the mortgagee the right to "reasonable attorney's fees," it is obligatory upon the promisor to pay same. This is a pecuniary obligation, and is within the indebtedness contemplated by an assumption contract of the purchaser of the land. It becomes a part of the mortgage debt assumed by the grantee. *Johnson v. Harder*, 45 Iowa 677. The assumption of a mortgage according to its terms includes a covenant to maintain insurance for the benefit of the mortgagee. This also is pecuniary in character. *Johnson v. Northern Minn. Land & Inv. Co.*, 168 Iowa 340. A stipulation in a note for the acceleration of the due date of the mortgage is binding upon a person who assumes and agrees to pay the mortgage, on the theory that the agreement to pay the mortgage is an agreement to pay the debt secured by the mortgage according to the covenants of a pecuniary character. *Williams v. Moody*, 95 Ga. 8 (22 S. E. 30). The place of payment fixed by the note was no part of the obligation defined by the assumption contract. The promise to pay or perform in a particular place must be *in terms* to justify the bringing of a suit in the county where such place may be situated. It does not arise by implication. *Hunt v. Bratt*, 23 Iowa 171.

The petitioner relies on *Bennett Sav. Bank v. Smith*, 171 Iowa 405; but this case is distinguishable, both on the law and the facts, from the case at bar. The action involved the foreclosure of a mortgage. The defendant Smith assumed and agreed to pay the mortgage, and, at the time the action was instituted, was the legal title holder, and therefore a necessary party, although a nonresident of the county wherein the land was situated.

The question in the instant case is not within the purview of Section 10975, Code of 1924, which provides that, where two or more persons are bound by a contract, whether jointly only, or jointly and severally, or severally, or by any liability growing out of the same, the action thereon may be brought against

any or all of them, at plaintiff's option.   Conceding that the court had jurisdiction of all the defendants in this action, its applicability is seen at a glance; but the statute quoted is not one of venue.

The movents claimed the right of trial in their home county. This is their right, unless they are within the exceptions of the statute.  *Kell v. Lund*, 99 Iowa 153.   The exception has not been found, and therefore the judgment entered by the trial court thereon must be and is affirmed, and the writ heretofore entered by this court is annulled.—*Affirmed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.