12799

PRUDENTIAL INS. CO. v. BERRY ET UX.

(151 S. E., 63)

Mr. *Andrew J. Bethea,* for appellants,

Mr. *J. M. Lynch,* for respondent,

January 3, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action, by the owner of real estate situated in this State, to enforce the performance of an alleged contract by which he agreed to sell and the defendant agreed to buy the property. The defendant is a resident of North Carolina, and the issue is whether the Court has acquired jurisdiction of the action by publication of the summons and personal service upon the defendant in North Carolina. If the relations of the parties had been reversed (the nonresident being the owner and the plaintiff the proposed buyer), there would be no difficulty in sustaining the jurisdiction under the case of *Bush v. Aldrich,* 110 S. C., 491, 96 S. E., 922. When the relation, however, is as stated, the question is not free from difficulty.

So far as the jurisdiction of the subject-matter, as a segment of the equitable powers of the Court, is concerned, it makes no difference whether the plaintiff be the owner or the proposed buyer. As is said in Pomeroy, Spec. Perf. (3d Ed.), § 6: "* * * The right to a specific performance, if it exists at all, is, and necessarily must be, mutual; in other words, it is and must be held, and be capable of being enjoyed, alike by both parties in every

agreement to which the jurisdiction extends. As a familiar example, in the simplest form of contract for the sale of land, when the vendor agrees to convey and the purchaser merely promises to pay a certain sum as the price, since the latter may, by a suit made equity, compel the execution and delivery of the deed, the former may also, by a similar suit enforce the undertaking of the vendee, although the substantial part of his relief is the recovery of money." See *Farm & Land Co. v. Roseman*, 93 S. C., 830, 76 S. E., 979.

But there is a difference in the relief to be granted to a plaintiff buyer and the relief to be granted to a plaintiff seller, when in either case the plaintiff is a resident of the jurisdiction in which the property is situated and the defendant is a nonresident. When the plaintiff, a resident of the state, is the buyer in a contract for the sale of land situated in this state, and the seller under the contract is a resident of another unquestionably under the *Bush v. Aldrich case, supra*, the Court would have jurisdiction of the proceeding as one *in rem* to decree performance by the seller upon a tender by the buyer of the terms of the contract, and if necessary to direct the execution by the master of a deed to the buyer of the premises contracted for. That would be the relief to which the buyer would be entitled, and the Court having jurisdiction of the subject-matter, and *sub modo* of the person of the seller (the proceeding being *in rem*) would be authorized to treat it fully. That is the relief to which the buyer would be entitled in every case of contract for the purchase and sale of land, regardless of whether the defendant seller was a resident of this State or not.

The relief to which the seller would be entitled, in every case of such contract, *where personal jurisdiction of the buyer has been secured,* is a degree requiring the defendant, buyer, to comply with his obligation under the contract and the plaintiff, seller, upon such compliance to execute to him a deed. The seller would also be entitled to a judgment in the event of the buyer's failure to obey the direction of

the decree, for the damages sustained by the buyer's breach of contract.

The buyer in a contract for the sale of land has an equity in the land, which as long as it may continue and be enforcable, is an incumberance upon the owner's title, *Singleton v. Cuttino*, 107 S. C., 465, 92 S. E., 1046. To that extent the seller would be entitled, considering his action as one in *rem*, to a degree declaraing that such equity had expired, notwithstanding the fact that the defendant was a non-resident; but so far as obtaining any other relief against the buyer, as, for instance, a judgment for damages for the breach of the contract, the defendant must have been personally within the jurisdiction of the Court. See *Merrill v. Beckwith*, 163 Mass., 503, 40 N. E., 855, precisely in point; *Boswell v. Otis*, 9 How., 336, 13 L. Ed., 164; *First Nat. Bank of Huntington v. Henry*, 156 Ind., 1, 58 N. E., 1057.

As long as the plaintiff is entitled in this proceeding to relief of some description against the defendant, a non-resident, the motion was properly refused, but in its affirmance must be limited to the relief to which the plaintiff has shown itself entitled, the foreclosure of any possible equity the buyer may have in land, but not to a judgment for damages on account of the alleged breach of contract.

The judgment of this Court is that the order appealed from be affirmed, with the limitation expressed.

MR. CHIEF JUSTICE WATTS and ASSOCIATE JUSTICES BLEASE, STABLER and CARTER concur.