CHRIS PALMAS et al., Petitioners, v. B. O. TANKERSLEY, Judge, Respondent.

No. 42370.

■■■■■■■■■■■■■■■■

JUNE 23, 1934.

■■■■■■■■■■■■■■■■

Peisen & Soper, and O. H. Allbee, for petitioners.

W. D. Kearney, for respondent.

ALBERT, J.—On the 3d of December, 1931, one Demopoulos loaned to Chris Palmas and Louis Darzes the sum of $700, for a term of nine months, and took from them a promissory note therefor. On February 23, 1933, Demopoulos brought an action against Palmas and Darzes in the district court of Marshall county, Iowa. This action was brought in equity, alleging that in the making of said note there was a mutual mistake and that the payee named in the note as written was the Security Savings Bank of Marshalltown, Iowa, and asking that the note be reformed by striking out as payee "Security Savings Bank of Marshalltown, Iowa," and substituting in place thereof the name of the plaintiff, Demopoulos, and that upon reformation of this note plaintiff have judgment and decree against the defendants according to the terms of said note. The defendant Darzes appeared and moved the court to transfer the cause to Hardin county, Iowa, the place of his residence, and the defendant Palmas joined with Darzes in asking this change of place of trial. The mat-

ter came on before the court, and the motion for change of place of trial was overruled; hence this certiorari proceedings.

The note as written, however, provided that the same was payable at the Security Savings Bank of Marshalltown, Iowa. The contention of the respondent herein is limited to the claim that the court should not change the place of trial by reason and by virtue of the fact that the note provided on its face that it is payable in Marshalltown, Iowa, and he bottoms his claim on section 11040 of the present Code, reading as follows:

"When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

His argument, therefore, is that because of this provision of the statute the district court had jurisdiction, and, that being true, the ruling in refusing to change the place of trial was properly sustained.

It is apparent that the plaintiff's theory in the original case was that, in order to recover on said note, the same must of necessity be reformed by substituting the plaintiff as payee. He therefore invoked the equity jurisdiction of the court and asked a reformation of the note. It must necessarily follow, therefore, under plaintiff's theory, that without the reformation he had no maintainable action thereon. It is therefore apparent that the primary or basic part of this action was the reformation. This, of course, would have to be utilized in an action in an equity court. The action, therefore, under plaintiff's theory, was properly brought in equity.

It will be noticed from what has been said that this is not an action *in rem*, but an action *in personam*. Summarized, therefore, the plaintiff invoked the equity jurisdiction to reform this instrument in an action that was purely *in personam*.

Section 11049 of the Code reads as follows:

"Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside * * * *"

This action being an action *in personam*, and there being no other provisions controlling the same, it must necessarily follow that the court erred in making the ruling it did. The motion for a change to Hardin county should have been granted. The fact that the instru-

ment itself provided that it is payable in Marshall county is in no way controlling because it would have validity only in the hands of the plaintiff after the personal action had been tried out and the reformation made as prayed.

We are cited to no authority by either side bearing directly on the proposition here involved, but some light thereon may be obtained in Gilliland v. Inabnit, 92 Iowa 46, 60 N. W. 211; Wilkinson v. McCarthy, 127 Iowa 292, 103 N. W. 136; Kell v. Lund, 99 Iowa 153, 68 N. W. 593; Baldwin v. Munger, 200 Iowa 32, 204 N. W. 417; 53 C. J. p. 992, section 148. No question is raised as to the procedure adopted in this case.

The writ heretofore issued herein is sustained, and the district court of Marshall county is directed to grant the motion for change of place of trial to Hardin county.—Writ sustained.

All Justices concur except KINDIG, J., not sitting.