## PORTMAN v. KLEMISH.

1. **Estate:** INTERFERENCE WITH: LIABILITY FOR. Circumstances considered under which it was held that the fact that the defendant had, in the absence of any administrator, collected certain notes due an estate and applied the proceeds in payment of debts of the estate, would not render him liable to a subsequently appointed administrator for conversion of the notes, it appearing that he had acted in good faith, and that the estate had suffered no detriment therefrom.

*Appeal from Winneshiek Circuit Court.*

MONDAY, JUNE 21.

THE plaintiff, as administrator of the estate of A. Cimbra, deceased, avers that the defendant has wrongfully taken possession of and converted the property of the estate to the amount of $500, and he asks judgment against the defendant for that amount. The defendant denies all wrongful interference with the estate. Judgment was rendered for the defendant. Plaintiff appeals.

*Brown & Wellington,* for appellant.

*J. G. Morss* and *E. P. Johnson,* for appellee.

ADAMS, CH. J.—Cimbra died testate, having devised his property to his wife, and appointed her executrix. She never qualified as executrix, and the plaintiff was appointed in her stead. Before Cimbra died he requested the defendant to assist his wife in settling the estate. After his death the defendant took certain promissory notes belonging to the estate and deposited them with one Kapler. Some of the notes were paid while in Kapler's hands. The money paid upon the notes to Kapler was by Kapler paid to defendant, who used it in paying debts of the estate. A part of the notes the defendant withdrew from Kapler and delivered to the decedent's widow as devisee under the will. Debts were proved against the estate to the amount of $153.04. The plaintiff, as administrator, came into the possession of property to amount of $160.

*1. ESTATE: interference with: liability for.*

In all that the defendant did he appears to have acted honestly, and with no intention other than to assist the widow in the proper management and disposition of the estate. The notes appear to have been deposited by him with Kapler as a friend and neighbor, and because Kapler had a safe in which they could be kept. When this was done does not distinctly appear, but if it was done before the plaintiff's appointment it could hardly be regarded as an interference with the estate. It was not, to be sure, the defendant's right to use the money collected in payment of the debts of the estate, even though done by the widow's consent and under her direction. Still there is no pretense that the debts were not due, and that the estate did not derive the whole benefit of the payments. In taking some of the notes from Kapler and delivering them to the widow the defendant may have been guilty of an interference, but it is not shown to us that the estate sustained any damage.

It appears to us that the plaintiff's claim has very small foundation. Possibly the plaintiff should have been allowed nominal damages, but we cannot reverse upon such ground. *Watson v. Van Meter*, 43 Iowa, 76.

AFFIRMED.