## CRISPIN v. WINKLEMAN.

1. **Testamentary Disposition:** MUST BE IN WRITING: RULE APPLIED. Where the defendant without being appointed administrator, took and held possession of the decedent's property under a claim that by a parol agreement, entered into between himself and decedent, he became a trustee of the property, the rule that if the intended disposition of property be of a testamentary character, such disposition is inoperative, unless, declared in writing, in strict conformity with the statutes regulating devises and bequests, approved and applied to the facts of the case.

2. **Estates of Decedents:** INTERMEDLER: PAYING CLAIMS. One who intermedles with the estate of a decedent, without having been appointed administrator, has no right to pay claims out of the assets of the estate; and in no case can he escape liability for so using the money of the estate, without an affirmative showing that the amounts paid were correct.

3. ——: ——: CLAIMS AGAINST ESTATE. An intermedler's claim for nursing decedent and for the care of his child, should have been established as a claim against the estate. He had no right to reimburse himself therefor out of the proceeds of decedent's property in his hands.

4. ——: ITEMS OF ACCOUNT: NOT ESTABLISHED. An item of account for clothing furnished to the decedent's child prior to his death, not established nor shown to have been paid out of the decedent's money and by his direction, must be disallowed.

5. ——: EVIDENCE: PREPONDERANCE OF: TRIAL DE NOVO. The evidence being conflicting, and the case not triable *de novo*, the judgment will not be reversed upon the ground that it is not supported by the preponderance of the testimony.

*Appeal from Mahaska Circuit Court.*

### MONDAY, DECEMBER 19.

THE plaintiff, as administratrix of the estate of John Winkleman, Jr., deceased, brings this action to recover of the defendant the value of certain personal property, of which it is alleged that the decedent died seized, and which it is alleged that the defendant has wrongfully taken and holds, under a claim of right.

The defendant admits that he claims the right to hold the property and avers that he has such right by reason of a nun-

cupative will, and also by a parol agreement, entered into between him and the decedent, whereby he became a trustee of the property. The defendant also pleaded that he had expended and disposed of the property in the execution of his trust.

There was a trial without a jury and judgment was rendered for the plaintiff. The defendant appeals.

*Crookham & Gleason*, for appellant.

*Lafferty & Johnson*, for appellee.

ADAMS, CH. J.—I.    No will was probated and the allegations of the answer in regard to it were stricken out. The defendant relies upon an agreement whereby, as he alleges, he was made trustee of the property.

The decedent died seized of a small property, and owed a few debts. The defendant, his father, took care of him in his last sickness, which appears to have been a protracted one, and undertook to transact for him such little business as he had to do. The decedent appears to have had full confidence in his father, and he put all, or nearly all, his property into his hands. The understanding between them was that the defendant should use so much of the property as was necessary in paying the debts of the decedent, the expenses of his last sickness, and his funeral expenses, and the balance, if any, he should use in the support of the decedent's children. With this understanding the defendant took possession of the property and undertook to carry out the wishes of his son, and in all that he did appears to have acted in good faith.

*1. TESTAMENTARY disposition: must be in writing: rule applied.*

The plaintiff, however, contends that the agreement relied upon was of no force, so far as it was designed to be operative after the death of the decedent, and gave the defendant no right to, or interest in, the property against her who has been duly appointed administratrix. This position of the plaintiff,

we have to say, we think is well taken. It is plain to be seen that it was the decedent's intention that his father should virtually administer upon his estate without taking out letters of administration. But such an agreement could not be recognized by us without giving it testamentary force, which we are not allowed to do. In Perry on Trusts, section 92, the author says: "We may safely assume as an established rule that if the intended disposition be of a testamentary character, and not to take effect in the testator's lifetime, such disposition is inoperative, unless it be declared in writing, in strict conformity with the statutory enactments regulating devises and bequests." This statement appears to be correct.

It was competent of course for the decedent to appoint his father his agent to transact his business. Whatever money of the decedent, therefore, the defendant properly expended for him during his life, the defendant cannot properly be called upon to pay to the plaintiff. The agreement was good enough so far as it was executed by the defendant during his agency, but there is no rule of law better settled than that an agency terminates upon the death of the principal. Upon the termination of the defendant's agency he became a mere custodian of the property remaining in his hands, and had no right as against a duly appointed administrator.

The defendant seems to have supposed that the case must turn upon the question as to whether a trust in personal property can be created by parol. He has cited several authorities to show that it can. The doctrine contended for is unquestionably correct. But it does not go far enough to aid the defendant in this case. Whatever trust was created the decedent in his lifetime could have enforced. So if he had given the property to his children in such way that the title passed in his life time, and the defendant had been constituted trustee of the property for his children, such trusteeship would not have been terminated by the death of the decedent, and in an action by the children to enforce the trust the defendant could not

have successfully denied and defeated the trust, on the ground
that the evidence of it was not in writing.   But the defendant
does not claim that the title to the property passed to the chil-
dren, except as heirs.   Prior to the decedent's death the de-
fendant, upon his own theory, was trustee of the property for
the decedent.   His trusteeship for the heirs commenced, if it
commenced at all, with their inheritance.   But to hold that it
commenced then would be giving testamentary force to the
agreement, which, as we have seen, is not allowable.

II.   The money paid out by the defendant for funeral ex-
penses was allowed to him, and in regard to that there is no

2. ESTATES of   controversy.   But the defendant paid two bills for
decedents :
intermedler :   medical services rendered the decedent, and these
paying
claims.          payments were not allowed.   The defendant in his
argument complains of the action of the court in this respect.

In our opinion there are two grounds upon either of which
the ruling can be sustained.   It was not the defendant's right
to use the money of the estate in paying its debts.   *Portman v.
Klemish*, 54 Iowa, 198.   It is true that in that case the de-
fendant was not charged with money so used; but the court
expressly disapproved the acts of the defendant, and sustained
the ruling of the court below, only by reason of the peculiar
circumstances of the case.   The decedent's widow had been
made sole devisee and appointed executrix.   For some reason
she failed to qualify.   The defendant undertook to assist her
in the management and disposition of the estate.   The pay-
ments were made with that view.   The duly appointed admin-
istrator received money enough to pay all the proven debts.
If a recovery had been allowed from the defendant it would
have been solely for the benefit of the devisee, who did not ap-
pear to be in a condition to complain.   While the result was
favorable to the defendant in that case, the general doctrine of
the opinion is against the defendant in this.

Besides in no case could an intermedler be allowed to escape
liability for using money of the estate in the payment of its

debts, without an affirmative showing that the amounts paid were correct. In this case we find no evidence of the value of the services paid for, but merely of the amounts paid.

III. The defendant claims that he should have been allowed for personal care bestowed by him upon the decedent during 3. —— : —— : his sickness, and also for supporting the decedents' child.

claims against estate.

The court below seems to have regarded the defendant's claim in this respect as a counter-claim. As such it was clearly not allowable. But the claim was evidently made by way of defense merely, and as showing that the defendant ought not to be held to pay the plaintiff for property which he had disposed of under the agreement, and in accordance with its terms. The answer, as we understand it, proceeds upon the theory that the defendant's claim for nursing, etc., has really been discharged, and he sets it up now merely as a mode of accounting for the property which came into his hands, and for which he would otherwise be chargeable.

If the amount due the defendant had been liquidated between him and the decedent, and the property which had come into his hands had been wholly money, there would be much ground for holding that the defendant's position is well taken. We might hold that the understanding was that the money was applied. But we cannot hold that it was competent for the defendant to liquidate his own claim and pay himself, out of such property as he had. Whatever then became due him for nursing, etc., was, we think, a subsisting claim against the decedent's estate, and should have been proven by the defendant, and established against the estate in the mode which the statute provides.

IV. In the defendant's account there is an item of $11, which is said to be money paid for clothing for decedent's child 4. —— : prior to decedent's death. If the defendant paid items of account: not the amount for that object from the decedent's established. money and under his direction, the defendant

could not properly be now charged with the same money.   But the item was not proven, nor do we discover that any evidence was offered and excluded by which it might have been proven. The defendant, to be sure, claims that there was.  A question was asked him, as a witness, in these words:  "Did you board and clothe the child of the decedent before the death of the decedent; if so, how long, and how much was it worth?"   This question was disallowed and the defendant assigns error upon the ruling, but we think that it was properly disallowed.  It was not designed, we think, to show that the defendant paid out the decedent's money, but to show how much became due the defendant for the board and clothing furnished.

V.   The defendant claims that the judgment, in any event, is too large.   The evidence, however, is conflicting, and it is not claimed that the judgment is wholly without support.   But it

5. ——: evi- is said that the case is triable *de novo* and that ac-
dence: pre-
ponderance cording to the preponderance of the evidence the
of: trial de
novo.       judgment should have been less.

But the action was brought as a law action; the evidence was preserved by a bill of exceptions; we find no certificate that the evidence made of record was all the evidence offered, and the appellee states, in amended abstract, that there was none.  The case is presented here upon an assignment of errors, so the action appears to have been tried as a law action and to be presented here as such.  It is certainly then not triable here as an equitable action, and is not triable *de novo*.

The defendant claims that the evidence shows conclusively that a part of the property with which he has been charged is not in his possession, but in the possession of one Anistatia Winkleman.   But the evidence shows that the property came into her possession by the defendant's direction, and the defendant's answer shows that he claims the right to the property as against the plaintiff.

In our opinion the judgment must be

AFFIRMED.