S. R. ELLITHORPE, Appellant, v. J. L. REIDESSELL *et al.*, Appellees.

**Appeal:** FAILURE TO AWARD NOMINAL DAMAGES: NOT SUFFICIENT GROUND FOR REVERSAL.

*Appeal from Ida District Court.*—HON. GEORGE W. PAINE, Judge.

FRIDAY, May 19, 1893.

THIS is an action at law to recover damages for an alleged trespass upon a farm, by entering thereon, and cutting and carrying away part of the crops. There was a trial by jury, and a verdict and judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*C. S. Macomber* and *Homer S. Bradshaw,* for appellant.

*Warren & Buchanan* and *J. C. Walter,* for appellees.

ROTHROCK, J.—The land upon which it is alleged the trespass was committed, originally belonged to the Iowa Railroad Land Company, and was sold by said company, by contract, to W. R. Abell, who assigned his contract to one Cox, who assigned it to M. R. Ellithorpe, and he assigned the contract to the plaintiff. M. R. Ellithorpe was in possession of the land while he held the contract of purchase, and he continued in possession after he assigned the same to the plaintiff. There was no change in the manner in which the land was managed. M. R. Ellithorpe was indebted to the defendant Reidessell upon a judgment. On the sixth day of June, 1885, an execution was issued on the judgment, and the crops growing on the land were sold in satisfaction of the judgment on the third day of July of the same year. This action is against the execution creditor, and the constable who made the levy and conducted the sale. The defendant Leinmiller purchased the crops at the sale. It was determined on a former appeal of this case that the crops were not subject to levy and sale as personal property, because they were yet growing, and immature. *Ellithorpe v. Reidesil,* 71 Iowa, 315. When the case was remanded the only question involved was the amount of damage done to the crops by the defendants. The evidence shows that the purchaser of the crops cut the oats and plowed the corn. It is claimed by appellant that the oats were cut when they were unripe, and for that reason they were greatly damaged, and that the corn was improperly cultivated. There is a square conflict in the evidence upon these questions, and we can not interfere with the verdict on the ground that it is not sustained by the evidence. No part of the crops was appropriated or taken by the defendants, except a few sheaves of oats, worth from ten to fifteen cents. We do not reverse a cause for a failure to award nominal damages. *Portman v. Klemish,* 54 Iowa, 198; *Rowley v. Jewett,* 56 Iowa, 492; *Phoenix Insurance Co. v. Findley,* 59 Iowa, 591; *Case Threshing Machine Co. v. Haven,* 65 Iowa, 359.

There is no other question presented for our consideration. The judgment of the district court is AFFIRMED.