Lenderink v. Sawyer.

The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and SEDGWICK, JJ., concur in the conclusion only.

---

HENRY J. LENDERINK, ADMINISTRATOR, APPELLEE, v. B. F. SAWYER ET AL., APPELLANTS.

FILED NOVEMBER 27, 1912.   No. 16,805.

1. **Courts: RELIEF: EXECUTOR DE SON TORT: SET-OFF.** Where the defendant, who was the coroner of Dakota county, and his surety, the defendant company, were sued by the administrator of the estate of one Robert Reed, deceased, who sought to recover from them the value of certain personal property which had belonged to said Reed at the time of his death, and which had been sold by the defendant coroner immediately after the death of the deceased and to enable him to pay the necessary expenses of the funeral, and he had sold the property for its full and fair value, and had used the proceeds for that purpose, and at the request of the nephew of the deceased and his son, *held:* (1) That the defendants were entitled to set off the money paid out for the necessary expenses of the funeral against the plaintiff's claim. (2) That the district court, having the parties before it and having jurisdiction of the subject matter and the parties, should adjudicate and determine the whole matter, instead of rendering judgment against the defendants and then sending the coroner to the county court to file claims against the estate, thereby unnecessarily increasing the expenses of the litigation.

2. **Executors and Administrators: EXECUTOR DE SON TORT: PAYMENT OF FUNERAL EXPENSES.** Under the facts shown, the defendant Sawyer was at most an executor *de son tort*. The true representative is bound by those acts of an executor *de son tort* which are lawful and such as the true representative would be bound to perform in the due course of administration. As the administrator of the estate of the deceased would be bound to pay the funeral expenses, if they were not already paid, he cannot complain because the coroner paid them.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Reversed.*

*Paul Pizey,* for appellants.

*J. J. McCarthy, contra.*

HAMER, J.

This is an appeal from the judgment of the district court for Dakota county against the coroner of that county and the surety on his official bond. The suit was brought by the administrator of the estate of Robert Reed, deceased. It appears that one Robert Reed died intestate at his home in Dakota county while living alone; that when his body was found the defendant, Sawyer, at the request of the nephew of the deceased, took charge of the body and gave it a Christian burial; that he took possession of certain personal property of the deceased, sold it for its full value, and applied the proceeds to the payment of the expenses necessarily incurred for the burial casket, the lot in the cemetery, etc. The plaintiff, as administrator, brought this action to recover the value of the personal property so sold. On the trial the defendant offered to prove as a matter of set-off that the expenses incurred by him were proper and necessary, and were just and reasonable in amount; that the property was sold with the consent of the nephew and a son of the deceased, or at least the son ratified the sale; that the amount realized from the sale was the full value of the property; and the defendant sought to set off his expenses against the sum received by him for the sale of the property. The proposed evidence was rejected, and the court directed the jury to return a verdict against the defendants for the amount that the defendant Sawyer realized from the sale of the property. The verdict and judgment rendered were for $499.72. For the rejection of the evidence so proffered and the giving of the peremptory instruction, the defendants assign error.

It is claimed by the defendants that the administrator is estopped from prosecuting the action; that all the

charges made by the defendant were reasonable and just; and there seems to be no controversy concerning the fact that defendant Sawyer sold the property and paid the funeral expenses with the proceeds.  One purpose of an administrator is to take charge of the property belonging to the estate.  He becomes the means by which the property belonging to the estate is applied to the payment of debts, if there are any, and the surplus remaining is distributed among the heirs.  The statute in this case seems to contemplate that those of the relatives who are near the deceased are charged with the duty of taking care of the body and burying it.  If the defendant Sawyer carried out the wishes of the relatives who were there, it would appear that the other relatives would have no reason to complain.  As the administrator represents the creditors and the heirs, and is only a trustee, he is estopped from maintaining an action against the defendant Sawyer and his bondsmen for doing that which Sawyer was requested to do, and which he actually did, in taking charge of the body of the deceased and burying it.  In Dame, Probate and Administration, sec. 231, it is said: "All courts generally hold that the personal representatives may pay the same (funeral claims) directly without their being exhibited."  If this be true with respect to personal representatives, it should be true of the coroner who is requested by the personal representatives to discharge the duties which are a natural burden upon them.

It is altogether probable that when Sawyer sold the property he thought he was authorized to do so by section 110, ch. 18, art. I, Comp. St. 1909: "When any valuable personal property, money, or papers are found upon or near the body upon which an inquest is held, the coroner shall take charge of the same and deliver the same to those entitled to its care or possession; but if not claimed, or if the same shall be necessary to defray expenses of the burial, the coroner shall, after giving ten days' notice of the time and place of sale, sell such property, and after deducting coroner's fees and funeral expenses, deposit the

Lenderink v. Sawyer.

proceeds thereof, and the money and papers so found, with the county treasurer, taking his receipt therefor, there to remain subject to the order of the legal representatives of the deceased, if claimed within five years thereafter, or if not claimed within that time, to vest in the school fund of the county." He was brought face to face with the problem of giving the body of the deceased decent and immediate Christian burial. The sale of the property would furnish the means of paying the very necessary expenses of the funeral. He sold it, got the money, and used it. The dead man seems to have been decently and properly buried according to Christian rites. The defendant is equitably entitled to his pay for it, and it is not quite right that the plaintiff should have judgment against him. We do not intend to hold that the section quoted justified the conduct of the coroner. The same is justifiable upon other grounds. We think that if the defendant Sawyer was requested by the nephew, Bert Reed, to take charge of the body and to prepare it for burial, and that he did so because of such request, and that he sold the property for its full and fair value, which is not questioned, and used the money which he received therefor in payment of the necessary funeral expenses, then he is equitably entitled to pay therefor, and he is further equitably entitled to set off the money so paid out by him against the plaintiff's claim for the value of the property sold. The same is true if the matter was ratified and adjusted between the defendant Sawyer and the son of the deceased, Earnest Reed. We do not undertake to say what, if any, steps should have been taken before the county court towards proving these claims, because that question is not before us.

"The true representative is bound by those acts of an executor *de son tort* which are lawful and such as the true representative would be bound to perform in the due course of administration." 18 Cyc. 1361. Among the authorities cited is *Thompson v. Harding*, 75 E. C. L. (Eng.) 630, holding that a proper payment to a creditor of the estate will bind the true representative. In that case

Richard Smith was employed to receive the rents of the deceased in his lifetime, and after his death continued to receive the rents due to the deceased. No other representative of the deceased appearing, Smith paid various debts due from the deceased. Among other things he paid the defendants, who were bankers of the deceased. A considerable time after payment administration was granted to the plaintiff, who brought the action. The court held, under the facts, "that the rule to enter a verdict for the plaintiff ought to be discharged."

In *Outlaw v. Farmer,* 71 N. Car. 31, John Farmer gave his promise in writing to pay John Lewis or James Parker, agents, by agreement with the heirs of Anna Herring, deceased, the sum of $125.50. Lewis and Parker were appointed agents by the heirs of Anna Herring. As the agents of such heirs, they had charge of the entire beneficial interest in the estate. In a suit by the duly appointed administrator of the estate against the makers of the promise, it was held: "Administration was only the technical form of passing the legal estate from the intestate to the distributees. Without administration they had the potential dominion over the estate, and could dispose of it by sale, gift or testament. Therefore, a sale by their agent conferred upon the purchaser a title which the courts will protect. The bond given for the property was given on a valuable consideration and is valid, both as to the principal and as to the sureties." The court further said: "Where the equitable as well as legal rights of parties are administered, the bond sued on will be upheld as valid against the defendant, and the plaintiffs are entitled to judgment thereon."

"Although an executor *de son tort* cannot by his own wrongful act acquire any benefit, yet he is protected in all acts not for his own benefit which a rightful executor might do." 18 Cyc. 1363.

In *Brown, Adm'r, v. Walter,* 58 Ala. 310, it was held: "Where one has received and used assets of an intestate, under circumstances constituting him an executor *de son*

*tort,* he may show, when called to account in equity by the rightful representative, that there are no outstanding debts, and that he has applied the assets for the use and benefit of the distributees, as they must have been applied in due course of administration."

In *Risk v. Risk,* 10 Ky. Law Rep. 566, 9 S. W. 712, R., having paid the first instalment on land, died, leaving a widow and six children, and the defendant, without administering on the estate, but with the concurrence of the plaintiff, undertook to pay the deferred payments and to support the widow and minor children, and he failed to make the third payment, and the land was sold under a judgment by the vendors, and when A. advanced to the defendant money to redeem the land, and the widow and heirs obtained an order for the sale of the land to pay A., who purchased and offered to permit the widow and heirs to redeem, and he conveyed the land to defendant, who paid the balance of the purchase money, in an action by plaintiff for the settlement of the estate of the father, a division of the land, and allotment or dower, held, that the acts of defendant should be treated as those of a duly appointed administrator from the date of the father's death, and that he holds the land in trust for the widow and heirs.

It is incumbent upon the executor *de son tort* to show that he has applied the assets which have come into his hands in the same manner in which they would have been lawfully applied by a rightful representative. 18 Cyc. 1363. Among the authorities cited in support of the doctrine stated is that of *Gay v. Lemle,* 32 Miss. 309, holding that, where it appears that he has paid one particular debt not entitled to preference, leaving others unpaid, he cannot claim that he has done what the law required to be done with the assets in due course of administration, but must be liable as executor *de son tort* to the other creditors. But in that case the doctrine announced emphasizes the contention that the executor *de son tort* is entitled to fair treatment if he has acted justly. The syllabus in that

case reads: "If an executor *de son tort,* when sued by a creditor, attempt to justify his unlawful intermeddling with the assets of the deceased by showing that he has applied them to the payment of his debts, he must show that he has applied them in the same manner that they would have been lawfully applied by the rightful executor, and if it appear that he has expended the assets in the payment of one particular debt, not being a lien on them, leaving others unpaid, he will be liable to the other creditors." The body of the opinion fully sustains the syllabus, and requires only that the executor *de son tort* "must show that he has applied them (the assets of the estate) in the same manner in which they could have been lawfully applied by the rightful executor."

In *Holeton v. Thayer,* 89 Ill. App. 184, it was held that where a person named as executor in a will acts without qualifying, and receives proceeds of the sales of lands and rents, the burden is upon him to account for the same, and, if he assumes to pay debts without having them probated against the estate, he assumes the burden of producing evidence that would be sufficient to prove such claims in the probate court in case of objection.

In *Crispin v. Winkleman,* 57 Ia. 523, it was held: "One who intermeddles with the estate of a decedent, without having been appointed administrator, has no right to pay claims out of the assets of the estate; and in no case can he escape liability for so using the money of the estate, without an affirmative showing that the amounts paid were correct."

Since the district court has acquired jurisdiction of the parties, and the whole subject matter is presented for adjudication, nothing can be gained by rendering a judgment against the defendant and compelling him to file his claim against the estate, thus unnecessarily increasing the litigation and costs. We think that the district court should dispose of the whole case before it. There is no showing that the deceased was in any way indebted. The estate is solvent. The defendant is not shown to have

41

injured any one by reason of what he did. The claim of no creditor is endangered.

It follows that the district court erred in excluding evidence tending to show that the money received from the sale of the property was expended in and about the burial of the deceased.

The judgment of the district court for Dakota county is

REVERSED.

LETTON and FAWCETT, JJ., concurring in result only.

We think the principles announced in *Phillips v. Phillips*, 87 Me. 324, and *Adams v. Butts*, 16 Pick. (Mass.) 343, apply, and hence concur in the result.

SEDGWICK, J., concurs in the conclusion.