STELLA BALDRIDGE, Appellant, v. A. F. EVANS et al., Appellee.

EXECUTORS AND ADMINISTRATORS: Executors De Son Tort—
1  Accounting in Foreign State. One who has intermeddled in the affairs of a foreign estate and there done what an administrator might have done (there being no debts, and jurisdiction being acquired) may be compelled to account in this state to the heirs, even though the time for instituting administration has not expired, and even though it may be more difficult for the wrongdoer to account in this state than in the foreign state.

EXECUTORS AND ADMINISTRATORS: Administration in Gener-
2  al—Omission—Effect. Principle recognized that administration is not necessarily required on *all* estates.

*Appeal from Davis District Court.*—SENECA CORNELL, Judge.

WEDNESDAY, OCTOBER 3, 1917.

THE question here is whether, where one has intermeddled in an estate left in Kansas, by taking possession of its property and dealing with it as an administrator might, he can, upon making appearance in an Iowa court, be compelled, the rights of creditors not interfering, to account to the heirs for their share in such estate. The trial court held that this might not be done; hence this appeal.—*Reversed and remanded.*

*Payne & Goodson,* for appellants.

*John F. Scarborough,* for appellee.

SALINGER, J.—I. It is confessed by the demurrer of appellee that his wife and the mother of interveners and appellants died in Kansas and left an estate there; that no administration was ever had; that appellee took charge of the estate, paid debts, and in general did what an administrator may do; that there are no creditors; and that he has in his hands money derived from said estate to which interveners are entitled, unless the fact that there has been no administration and the time for having it has not lapsed, is a bar to their having a present judgment ordering appellee to pay same to said heirs.

1. EXECUTORS AND ADMINISTRATORS: executors *de son tort*: accounting in foreign state.

The essential argument for appellee is that it may not be known that there are no creditors until there has been administration, or until the time for having it is past, and he supports, by many authorities, the assertion that the title to personal property is in the administrator, and not the heirs. These are all sound. See *In re Estate of Acken,* 144 Iowa 519; *Ritchie v. Barnes,* 114 Iowa 67; *Baird v. Brooks,* 65 Iowa 40; *Stahl v. Brown,* 72 Iowa 720; *Haynes v. Harris,* 33 Iowa 516; *Gilliland v. Inabnit,* 92 Iowa 46; *MacGregor v. MacGregor,* 9 Iowa 65,. at 78, 79. But are they material? To us it seems that they do not touch the vital question, which is whether one who has intermeddled and constituted himself an executor *de son tort* can urge that he need not turn over to the heirs what he has converted because they might not oblige one who is a legal administrator to distribute the estate until it was duly closed. And so of the claim that there can be no distribution to the prejudice of creditors. *Walworth v. Abel,* 52 Pa. St. 370, 372; *Weaver v. Roth,* 105 Pa. St. 408, at 413; *Jordan v. Hummel,* 96 Iowa 334, 337; *Crossan v. McCrary,* 37 Iowa 684. But what bearing has this here, so long as the only argument is that it is at this time next to impossible to prove that there are no creditors? It is all answered by

pointing out that the demurrer admits that there are no creditors.

II.   We are of opinion that the decision here must be controlled by the following propositions:

Transitory actions may be tried wherever personal service is had on defendant.  *State v. District Court,* (Mont.) 135 Am. St. Rep. 622.  So, while courts cannot sustain jurisdiction of naked questions of title to lands beyond the limits of the state, the jurisdiction of a court of equity is sustainable wherever the person of the defendant may be found, in cases of trusts, of fraud, and of contract, even though lands not within the geographical jurisdiction may be affected by the decree.  *MacGregor v. MacGregor,* 9 Iowa 65.  So where a bill charges defendant with receiving the rents and issues of real estate situated in another state, as administrator of an estate there, he may be impleaded by the infant heirs in Kentucky, and he will be regarded in a court of equity as a trustee for them.  *Atchison's Heirs v. Lindsay,* (Ky.) 43 Am. Dec. 153.  And one who here holds unlawfully the property of a decedent is liable as executor *de son tort,* although he may have originally taken possession of it by an agent in another state.  Wherefore one holding property of decedent under color of fraudulent sale is, wherever found with the property in his possession, liable as executor *de son tort,* to the extent of the assets thus held, in an action brought against him by the creditors of the deceased.  *Hopkins v. Towns,* (Ky.) 39 Am. Dec. 497.  A foreign executor residing in Pennsylvania may be sued therein by a resident creditor of decedent.  *Laughlin v. Solomon,* (Pa.) 36 Atl. 704.  An administrator appointed in Alabama and the sureties on his bond there given became residents of Georgia.  Held that they were liable to an action in Georgia by the distributees for a breach of the bond.  Semble if foreign executors or administrators come within the jurisdictional limits of a state, they are liable to be sued there by creditors, or to be

brought to an account by legatees or distributees. *Johnson v. Jackson*, (Ga.) 21 Am. Rep. 285.

Courts of chancery may compel a foreign executor or administrator to account for the trust funds which he received abroad and brought with him into this state, upon a bill filed for that purpose by the next of kin of the decedent, without the issuance of letters of administration on the estate of the decedent. *McNamara v. Dwyer*, (N. Y.) 32 Am. Dec. 627. And the courts of Kentucky have power to compel persons within the jurisdiction to execute a trust charged upon Iowa lands by a Kentucky will, not probated in Iowa; and the jurisdiction is not arrested because the title to said land is the essential point on which the Kentucky suit depended. *Gilliland v. Inabnit*, 92 Iowa 46. An administrator appointed in another state and receiving assets there is not, when found and sued in Kentucky, exempt from responsibility for any surplus remaining in his hands after the payment of the debts claimed and allowed in such estate. *Atchison's Heirs v. Lindsay*, (Ky.) 43 Am. Dec. 153. It was said in *McNamara v. Dwyer*, (N. Y.) 32 Am. Dec. 627, that the rule leaning toward the suing of an administrator only in the state of his appointment cannot always effectuate justice And it is said, suppose the administrator should permanently remove from the state, and take all the assets with him. Shall he go scot-free, or be subject to action where he can be found?

When the widow and heirs have appropriated all the assets of the estate prior to the appointment of the administrator, who is thus without means for the payment of its debts, they are liable therefor as administrators *de son tort*, to the extent of decedent's property which came into their hands; and it is no defense, in an action against them by a creditor, that an administrator had been appointed. *Madison v. Shockley*, 41 Iowa 451. One who intermeddles with

the property of an estate may be sued by a creditor, an heir, or a legatee, and compelled to pay the value of the property converted. *Elder v. Littler,* 15 Iowa 65. A widow cannot settle the estate of her deceased husband, make such distribution and appropriation as to her seems right, and make the property her own; and if she does so, she becomes his executor *de son tort. Schaffner v. Grutzmacher,* 6 Iowa 137. Where one intermeddles with the estate of a deceased person, and does what an administrator alone should do, he will become liable as an executor *de son tort. Crispin v. Winkleman,* 57 Iowa 523; *Portman v. Klemish,* 54 Iowa 198. This has been held as to one who received a small deposit belonging to an estate and paid it out on claims for expenses of the funeral and of the last sickness. *Bennett v. Ives,* 30 Conn. 329. And one who has presumed without lawful authority to administer an estate is estopped, in a proceeding for an accounting, from denying his liability to account. Wherefore, this appellee is estopped from denying liability or urging the necessity of further administration, and estopped from denying that administration has been had in Kansas. *Damouth v. Klock,* 29 Mich. 289.

### 2-a

For the benefit of creditors, the domicile of the intestate governs in the distribution of his assets wherever they may be situated. *Atchison's Heirs v. Lindsay,* (Ky.) 43 Am. Dec. 153. Plaintiff should not be in a position of having to seek his relief in a foreign jurisdiction when he alleges a complete cause of action as against the defendant, and that he may be subjected in another jurisdiction to suit on an inconsistent claim is no defense to an action in a jurisdiction in which he is properly sued. *Searles v. Northwestern Mut. Life Ins. Co.,* 148 Iowa 65, 70. The court should retain jurisdiction over him, and not send the parties out of court on such unreal possibilities. *Laughlin v. Solomon,* (Pa.) 36 Atl. 704.

2. EXECUTORS
AND ADMIN-
ISTRATORS:
administration
in general:
omission: ef-
fect.The statutes do not require that the estates of all persons shall be administered, though they may be. Adult heirs may settle the estate without going into court, and if the decedent left no property or debts, administration should not be granted. *In re Estate of Acken,* 144 Iowa 519. Where there are no debts, and those who settle a claim owned by the decedent are his sole heirs, the settlement is valid, without the intervention of an administrator. *Christie v. Chicago, R. I. & P. R. Co.,* 104 Iowa 707; *Douglas v. Albrecht,* 130 Iowa 132.

It is stated in Section 201 of Woerner on American Law of Administration, that the rights of creditors to the assets of a deceased person is the principal reason for requiring official administration. Wherefore, the court sanctions the disposition of the property of the decedent without the appointment of an administrator, where it is certain no debts are owing, and there is a series of decisions in Alabama which assert that, when an estate is entirely free from debt, the distributees may in equity obtain distribution without the delay and expense of administration. And Brickell, C. J., deduces this rule:

"A court of equity will dispense with administration, and decree distribution directly, when it affirmatively appears that, if there was an administrator, the only duty devolving on him would be distribution. Then administration is regarded as 'a useless ceremony.'"

And where there is an administrator, and the heirs are parties beneficially entitled thereto, and in possession of personal property, the administrator will not be allowed to recover if it appears that the debts are all paid.

In the absence of administration of the estate of a decedent, a court of chancery will decree a distribution among the heirs. *Watson v. Byrd,* 53 Miss. 480, 483 (citing earlier Mississippi cases); *Ricks v. Hilliard,* 45 Miss. 359,

363. And see *Murphy v. Murphy*, 80 Iowa 740.

It follows that, there being no valid objection to the law forum, the demurrer should have been overruled. Wherefore the cause must be reversed.

III.   The delay of appellants in suing, and that it is a greater hardship to make appellee respond in this suit than would result if appellants proceeded to have administration in Kansas, are both matters that are irrelevant to the law questions which the appeal presents. But see *Searles v. Northwestern Mut. Life Ins. Co.*, 148 Iowa 70; *Johnson v. Jackson*, (Ga.) 21 Am. Rep. 285. And appellants concede that distribution shall be made according to the laws of Kansas; and they should. *Atchison's Heirs v. Lindsay*, (Ky.) 43 Am. Dec. 153; *Bean v. Briggs*, 4 Iowa 464; *Sayre v. Wheeler*, 31 Iowa 112; *Davis v. Chicago, R. I. & P. R. Co.*, 83 Iowa 744, at 745, 746; *Barringer v. Ryder*, 119 Iowa 121; *Fitzgerald v. Metropolitan Acc. Assn.*, 106 Iowa 457.

We have no occasion to consider whether appellee may be made to repay what he has paid out. For appellants are willing that he shall have credit for what payments he has made. But see *Bennett v. Ives*, 30 Conn. 329; *Crispin v. Winkleman*, 57 Iowa 523; *Portman v. Klemish*, 54 Iowa 198.

The disposition we make of the appeal makes it unnec-- essary to pass upon a number of practice points that are argued.

*Reversed and remanded.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.