ELIZABETH BAADTE et al., Appellants, v. SUSAN WALGENBACH et al., Appellees.

FRANK A. BAADTE, Administrator, Appellant, v. WILLIAM WALGENBACH, Appellee.

**EVIDENCE: Presumptions—Confidential Relations—Deeds.** That
1   the grantee in a deed was the daughter of the grantor and the wife of grantor's confidential agent does not show such a relation of special trust and confidence as to charge her with the burden of rebutting a presumption of constructive fraud.

**EXECUTORS AND ADMINISTRATORS: Property Disposed of Be-**
2   fore Decedent's Death—Payment to Persons Entitled to Funds. Where decedent delivered to his daughter certain funds to be paid upon his death to his heirs in certain designated proportions, and the same had been so paid by her, the administrator of decedent could not recover from her said funds, for the reasons that (a) said money so deposited constituted a trust fund which she was to distribute to designated beneficiaries, and title thereto did not pass to the administrator, and any rights as to enforcement of the trust accrued to the beneficiaries, and not to the administrator; and (b) even if the administrator could maintain an action therefor, there being no rights of creditors or third persons involved, the payment by the daughter to the persons ultimately entitled thereto would be a defense.

**APPEAL AND ERROR: Consolidation of Actions—Harmless Error.**
3   The consolidation of a cause of action brought by an adminis-

trator to recover money, and in which an equitable defense was set up, and where the administrator had no cause of action, with an action by heirs asking that a deed given by decedent be set aside, *held* not prejudicial error.

APPEAL AND ERROR: Presumptions—Disregard of Incompetent
4  Evidence. Where, in an equity case, objections were made by both parties to the introduction of evidence, but the court did not rule thereon at the time, nor were such rulings demanded or entered at the close of the trial, the Supreme Court will presume that the trial court, in reaching its conclusion upon the merits of the case, considered only that portion of the evidence that was competent and material.

*Appeal from Sioux District Court.*—W. D. BOIES, Judge.

## MARCH 18, 1919.

THE nature of the issues and the material facts in the two above-entitled causes, which were consolidated for the trial in the court below, will be found sufficiently stated in the following opinion.—*Affirmed.*

*Hatley & Van Steey,* for appellants.

*Klay & Klay* and *T. E. Diamond,* for appellees.

WEAVER, J.—Dominick Moes, a native of the Duchy of Luxemburg, but for many years a resident and citizen of this country, died December 9, 1914, at the age of 82 years. He had, at one time, owned two farms, of 160 acres each, also certain other property in the town of Hospers, Iowa. Two years before his death, he sold and conveyed one of his farms to a son-in-law for $24,000, and distributed the proceeds from such sale to his children in equal shares. On April 24, 1914, he made a deed conveying the other farm to his oldest daughter, Susanna Walgenbach, for the agreed consideration of $23,840, subject to a lease existing therein for the term of his own life, and at the same time, and for the same consideration, made her a bill of sale for certain movable buildings standing upon town property owned by

him, which purchase price was to be paid within one year.

On the same day, the deceased executed an instrument purporting to be his will, in which he named his son-in-law William Walgenbach executor; but it was found to be so defective in form that it was denied admission to probate. After the death of Moes, and before the alleged will was finally adjudged inadmissible to probate, Walgenbach, who had been named executor in said instrument, and his wife disbursed certain moneys which they had received from the deceased in his lifetime, and for which plaintiffs claim they are indebted to the estate. Thereafter, Frank A. Baadte, another son-in-law of the deceased's, having been appointed administrator of the estate, brought an action entitled at law, in his representative capacity, against the said William Walgenbach to recover from him for the use of the estate, the moneys which he had received or held, as above stated. At the same time, the said administrator united with other adult heirs at law of Dominick Moes, in instituting a suit in equity against Susanna Walgenbach and husband, to set aside and declare void the deed and bill of sale to Mrs. Walgenbach, already mentioned as having been made April 24, 1914, on the ground that such conveyances had been procured by fraud and undue influence, and upon the further ground that, on the date named, the deceased was mentally incompetent to make a valid deed or contract.

The pleadings in these two cases are quite tedious and confusing, but the foregoing states, in a brief and general way, the nature of the claims relied upon by the plaintiffs. In the first case mentioned, the defendant alleges that Dominick Moes in his lifetime deposited or placed in the hands of his daughter Mrs. Walgenbach certain moneys to be held in trust until his death, and then to be by her divided in stated proportions among the members of his family; and that, in obedience to such directions, after the death of the

deceased, and before this action was begun, the moneys
so received, with accumulated interest, were by her and
her husband distributed to and paid over to the several
beneficiaries of said trust, who accepted and still hold the
deceased, and before this action was begun, the moneys
so received and accounted for, he has received nothing be-
longing to said Dominick Moes' or his estate.

In the other entitled case, defendants deny all allega-
tions of fraud and undue influence. Before the issues came
on for trial, the court, over the objections of the plaintiffs,
ordered the two cases consolidated for trial. Having heard
the evidence, the court found for the defendants on both
issues, and plaintiffs appeal.

I. Referring first to the attack upon the validity of
the deed, we shall content ourselves with stating our con-
clusions, without going into any extended statement of the
testimony. That Moes was an old man, and manifested
more or less evidence of the weakening effect of his increas-
ing years, is doubtless true; but that he was incapable of
understanding, to a reasonable degree, the nature and ef-
fect of the deed made by him, has not been sufficiently
shown. In fact, we find it quite clearly disproved. The
testimony relating to the circumstances attending the mak-
ing of the deed shows very satisfactorily that, aside from
impairment or loss of eyesight, the grantor manifested no
signs of either physical or mental unsoundness affecting
his capacity to transact such business intelligently. More-
over, there is nothing in the transaction itself to indicate
any marked lack of judgment or business sense on his part.
He was selling the land for about $150 per acre, which,
according to the great weight of the evidence, was its fair
and full value. His estate was not thereby decreased to
any material degree, and it is indeed difficult to understand
why this family should involve itself in quarrel and litiga-
tion over a deal the defeat of which would be of so little

substantial advantage to anyone. This thought is further emphasized by the fact that the grantee of the land is in court, tendering payment to the estate of the full purchase price. The finding of the court upon this issue is not only well supported by the record, but we think no other conclusion therein could be justified.

Before leaving the subject, however, it should be added that we do not overlook the appellants' claim that, under the circumstances, the burden should be placed upon the defendants to show affirmatively that the deed was not obtained by undue influence. This point is made on the theory that there was a relation of confidence and trust between grantor and grantee, of such character as to call for an application of the equitable rule which counsel invokes. It is true that the grantee's husband had, to a considerable extent, attended to the old gentleman's business, during the later period of his life, and, had the conveyance been to him, there would be color of reason for the objection raised; but the reason which underlies the rule does not, in our opinion, extend to the grantor's daughter, simply because she was the wife of the grantor's confidential agent. The deceased was not a member of his daughter's family. He maintained a separate home, although, for some years after his wife's death, he had taken his meals with his daughter, paying her for his board. Altogether, there is shown no such relation of special trust or confidence on her part as will charge her with the burden of rebutting a presumption of actual or constructive fraud. It may be true that, in view of the relation between the grantee and William Walgenbach, the agent of deceased, the court should scrutinize the transaction with care, to see that the agent did not abuse the confidence of his principal for the advantage of his wife; but even in that view of the law, we think it must be said that the fairness of the transaction and the absence

1. EVIDENCE: presumptions: confidential relations: deeds.

of any undue influence in the procurement of the deed are affirmatively shown.

II.  The other issue, upon the claim made by the administrator for an accounting by Walgenbach, or by Walgenbach and wife, for moneys received or held by them belonging to Dominick Moes, turns upon the effect to be given to certain facts, the truth of which seems not to be seriously disputed.

The petition alleges that, in his lifetime, Dominick Moes placed certain sums of money in the hands of the defendant Walgenbach, with instructions to pay or turn over the fund so created to his estate after his death.  The answer, in effect, admits that the several sums of money named were by the deceased placed in the hands of Susanna Walgenbach, but alleges that such deposit was made with instructions to hold until the death of the deceased man, and then to distribute the same to his heirs in certain designated proportions.  It is further claimed or shown that the money so received was by Mrs. Walgenbach placed in her husband's management; that he held the same until after the death of Dominick Moes; then, in fulfilment of the trust upon which the money was received from the deceased, he did distribute and pay over such fund, with accumulated interest, in strict accord with the terms of the trust, to the designated beneficiaries, by whom such payments were accepted and are still retained, excepting only the share paid to the plaintiff Elizabeth Baadte, who returned it to defendant, who brings it into court for her benefit.

Passing, for the present, the question of the admissibility of the evidence, it is to be said that the version of the facts as stated and relied upon by the defendant is established without controversy.  Dominick Moes did, in his lifetime, deliver to his said daughter several sums of money, aggregating something less than $3,000, directing her, upon his death, to distribute the same to his heirs,

including in that designation one Klein, a stepson. The money thus received was by Mrs. Walgenbach placed in the custody of her husband, and, upon the death of Moes, the fund, with interest, was distributed as directed by him.

Assuming the correctness of this statement, there are two sufficient reasons why the administrator is not entitled to recover:

(1) The fund, as deposited with Susanna Walgenbach, constituted a trust, by the terms of which she was bound to distribute it to the designated beneficiaries after the death of Moes, and the title to such fund did not pass to the administrator, nor was he authorized to demand and receive the possession of it. The fund having been received from the trustee by her husband, he became equally charged with her for the performance of the trust, and this could be accomplished only by its distribution and delivery to the persons designated by the deceased in making the deposit. Had the trustee or her husband failed or defaulted in the performance of the trust, action for an accounting would have accrued, not to the administrator of Moes, but to the several beneficiaries of the trust.

2. EXECUTORS AND ADMINISTRA- TORS : prop- erty disposed of before de- cedent's death : payment to persons en- titled to funds.

(2) Even if it should be held that action in such case would be maintainable by the administrator, it is a good and sufficient defense, where no rights of creditors or third persons are involved, to plead and prove that defendants have made payment and accounting to the person or persons who would ultimately have been entitled to demand and receive it from the administrator himself. *Baldridge v. Evans*, 181 Iowa 204; *Lenderink v. Sawyer*, 92 Neb. 587 (138 N. W. 744, Ann. Cas. 1914A 261). This rule is not questioned by appellant in argument, but its effect is sought to be neutralized by objection to the competency of Walgenbach and wife as witnesses. It is possible that a strict applica-

tion of the statute, Code Section 4604, would require us to disregard some portions of their testimony; but when this has been done, there remains enough to necessitate the result we have mentioned. Indeed, in the absence of the voluntary showing made by the defendant, it is doubtful whether the evidence offered by the plaintiffs themselves, if held to like adherence to the rules, is sufficient to make a prima-facie case for a recovery. The evidence as a whole shows no grounds upon which, under any admissible theory, a recovery of personal property by the administrator could be sustained.

III. One of the chief grounds of complaint by the appellant is the order of the court below, consolidating the two cases for trial. It is true that the action of the admin-

istrator is entitled as "At Law," when the

3. APPEAL AND ERROR: consolidation of actions: harmless error.

suit to set aside the deed is undoubtedly "In Equity;" and it may be admitted that, if the issues in the first case are clearly legal only, and those in the second case are equitable only, exception to the order of consolidation would ordinarily have to be sustained. It is very clear, however, that no prejudicial error was here committed.

First. The answer in plaintiffs' law action sets up an equitable defense. While admitting the receipt of money from the deceased, it affirmatively pleads that it was received as trust fund, and asks an accounting thereof, which is a proper matter of equitable jurisdiction.

Second. It affirmatively appears that the administrator had no right of action at law on which he would have been entitled to the verdict of a jury, and even if the order of consolidation was erroneous, he sustained no material prejudice therefrom.

IV. Many objections are urged to the competency and materiality of testimony offered. The trial seems to have proceeded after the manner and practice which have

4. APPEAL AND
ERROR: presumptions: disregard
of incompetent
evidence.

become usual in equity cases in this jurisdiction: that is, while counsel on either side exercised to the limit their right to make all conceivable objections to each item of evidence, and their objections were duly noted in the record, the court did not rule thereon at the time, nor were such rulings demanded or entered at the close of the trial. Under such circumstances, we think it the rule of this court to presume that the trial court, in reaching its conclusion upon the merits of the case, considered only that portion of the evidence which was competent and material. An examination of this record shows that, although we disregard all the testimony to which the objections appear to be well taken, the strength of the defense is not materially weakened, and no cause appears for disturbing the decree rendered below. The cause appears to have been fairly tried, and the result is equitable.

The decree of the district court is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.